284 P.2d 464

**Egon E. MEISTER, Appellant,**

v.

**Dora RAKOW and Joe J. Paterno, as Commissioner of the Superior Court of Maricopa County, Appellees.**

No. 5820.

Supreme Court of Arizona.

May 24, 1955.

Johnson & Rogers, Phoenix, for appellant.

Burton Lewkowitz and John B. Marron, Phoenix, for appellee Joe J. Paterno, as Court Commissioner.

No appearance for appellee Dora Rakow.

UDALL, Justice.

This is an appeal from an order entered in a partition action settling and approving the final report and account of the commissioner therein. The primary question presented is whether the amount allowed said commissioner as compensation for his services was proper.

Plaintiff-appellee, Dora Rakow, on October 16, 1952 filed a complaint in Superior Court against defendant-appellant Egon E. Meister, her former husband. (We will hereinafter refer to the divorced parties as plaintiff and defendant.) Plaintiff prayed for a partition or sale of certain described properties, real and personal, held by the parties as tenants in common under the original divorce decree theretofore entered by the same court between the same parties. Defendant answered making certain admissions and denials and filed a counterclaim for like relief to which plaintiff replied.

On the issues framed by the pleadings a trial was had to the court sitting without a jury, and written judgment entered, wherein, inter alia, it was found:

"2. That a fair partition of the foregoing properties cannot be made without depreciating the value thereof, and that the sale of said property at private sale by a commissioner appointed by this Court would be most beneficial to both of the parties."

This judgment ordered the appointment of appellee Joe J. Paterno (hereinafter termed the commissioner), a Phoenix realtor, as commissioner and provided:

"* * * that the compensation of said Commissioner shall be 5% of the gross sale price of each particular sale; that said 5% shall also include any brokerage fees paid; that with respect to any sale or sales wherein the Commissioner does not produce the purchaser or purchasers, *the compensation of the Commissioner shall be a reasonable amount to be fixed by this Court* upon the hearing of the confirmation of said sale or sales; * * *" (Emphasis supplied.)

It further decreed:

"* * * that either the Plaintiff or the Defendant may bid with the Commissioner for the purchase of any of the property held by the Plaintiff and Defendant; * * *."

The commissioner entered into performance of his duties on January 6, 1953, after executing an oath and providing a surety bond in the sum of $10,000. Thereafter certain of the properties were sold to third parties by the commissioner with later confirmation by the court, and there is no dispute as to the compensation allowed him for these sales. The instant controversy concerns certain described property at 1238 E. McDowell Road, Phoenix, on which the parties had operated a business known as the "McDowell Laundromat". The com-

missioner found no third-party buyer, but on May 12, 1953 filed a petition for an order confirming sale of defendant's half-interest in this business to plaintiff for the sum of $22,400. At hearing of this petition, however, the parties in open court bid competitively against each other for the property, and defendant finally prevailed with an offer of $28,000 for plaintiff's interest therein. The court thereupon rejected commissioner's petition for confirmation of a sale to plaintiff and entered a written order that "* * * the undivided one half (½) interest of the plaintiff be, and the same is, hereby sold to the defendant, Egon E. Meister for the sum of Twenty-eight Thousand Dollars ($28,000) * * *."

Thereafter the commissioner filed an account and report in which he claimed the following credit:

"Commissioner's Compensation $2190 Computed on appraised value of laundromat 5% of $43,800. to be paid half and half by each party."

Defendant filed written objections to such an allowance, viz.:

"Defendant objects to the payment of Commissioner's compensation in the sum of $2190 for the reason that said commission is excessive and not warranted."

After due notice a hearing on the account was had and certain exhibits were marked for identification; the hearing was then continued for more than thirty days at which time the plaintiff, defendant and commissioner testified. The matter was then taken under advisement and on November 20, 1953, the court entered the following order:

"The Court finding that all of the expenses and disbursements set forth in said account were necessary and proper and for the best interest and benefit of the above entitled parties; * * *

"* * * it is Ordered, Adjudged and Decreed by the Court that all the acts and things described in said account, and the disbursements, claims and expenditures recited in said account are hereby settled, allowed and approved * * *."

On December 15, 1953, the court approved the commissioner's supplemental and final account and ordered the commissioner to be discharged from his trust and the sureties upon his bond exonerated upon filing necessary vouchers of compliance with the final order of distribution. Motion for rehearing, as to allowance of the commissioner's fee, was made and denied, and this appeal followed.

Defendant contends the sum of $2,190 allowed by the court as the commissioner's fee is not computed in accordance with the provisions of the partition judgment and hence is unlawful. He argues by way of analogy that if plaintiff's offer as pre-

sented by the commissioner had been accepted the commissioner would only have been entitled to 5% of the amount offered by her or $1,120, and hence the allowance of a sum almost twice that amount cannot be considered reasonable when defendant's competitive bid was accepted. We cannot agree with the premise on which this argument is founded. The judgment fixes the commissioner's compensation as 5% of the gross sales price only if he "produced the purchaser". We do not perceive how it can be argued that either party to the suit is a purchaser produced by the commissioner, therefore under the terms of the partition judgment the compensation of the commissioner is to be "a reasonable amount" fixed by the court.

What constitutes a reasonable fee in a given case is a matter peculiarly within the knowledge and discretion of the trial court, and, in the absence of an abuse of discretion, this court will not disturb the findings. Cf. Estate of O'Reilly, 27 Ariz. 222, 231 P. 916. It should be noted the commissioner served for a period of more than eleven months and defendant states in his brief:

"That the Commissioner acted faithfully and diligently is not questioned * * *."

Further, it should be kept in mind that in the instant appeal we have only a partial transcript of the testimony adduced before the trial court as defendant did not see fit to designate the testimony of the commissioner as part of the transcript. On the record before us there are no facts which would evince an abuse of discretion. In the absence of an affirmative showing to the contrary we must presume that the action of the lower court was proper. The rule consistently followed by this court is stated in Primrock v. Wilson, 55 Ariz. 192, 100 P.2d 180, 181:

"* * * We are then in the position to which we refer in the case of Ensign v. Koyk, 31 Ariz. 1, 250 P. 246, 247. Therein we said: '* * * We think, before we would be justified in setting aside the court's findings and judgment for want of evidence to support them, we should be furnished, in legal and authentic form, all of the evidence submitted to and considered by the court in arriving at its conclusions. *If all the evidence is not before us, we will presume that it was sufficient to support the findings and the judgment. This has been the rule in this jurisdiction, and we think it is the rule generally.* Wooster v. Scorse, 16 Ariz. 11, 140 P. 819.' * * *" (Emphasis supplied.)

See also, Haining Lumber Co. v. Octavius Leon, Inc., 70 Ariz. 31, 34; 215 P.2d 909, 911.

That the sum arrived at as compensation for the commissioner was apparently determined by mathematical computation of a percentage of the appraised

value of the property is of no importance, for we cannot say that the result reached is of itself so unreasonable as to warrant reversal. We hold that on this record there was no abuse of discretion in approving the compensation of the commissioner.

There is another matter presented by defendant. The judgment in partition provided that the proceeds from the sales should, before distribution, be applied to payment of commissioner's fees and expenses of sale and to payment of certain obligations of the former community specified in the divorce decree, to be the obligation of both parties, including:

> "The balance of the indebtedness, if any, owing to Miss Virginia Hash; * * *" (attorney for defendant in the divorce matter).

No specific credit was allowed defendant for any such indebtedness in the commissioner's account, and in his objections to the account defendant claimed there were two outstanding bills, paid by him out of his separate property, for which he was entitled to credit, one in the sum of $1,460 (later amended to $1,521.36 plus $75.63 interest), the nature of which does not appear in the limited transcript presented to us, and the other $550 paid Attorney Hash. While it is not disputed that this sum was paid, both plaintiff and defendant testified giving different versions of the matter, defendant maintaining that the $550 had been paid to her from his separate property and plaintiff that the payments made were from

common property and therefore defendant was not entitled to any such credit.

The court in its order approving the final account found defendant was entitled to a credit of $2,000, and while from the record we cannot say specifically what this sum includes, it may be inferred the court included within this amount credit for such sum as was found by it to have been paid said attorney by defendant from his separate property. On the sketchy record presented to us there is no error shown.

The order of the trial court is in all respects affirmed.

LA PRADE, C. J., and PHELPS and STRUCKMEYER, JJ., concur.

WINDES, J., did not participate in the determination of this appeal.