288 P.2d 490

**Martin L. COLVIN, Appellant,**

v.

**WESTINGHOUSE ELECTRIC CORPORATION, a corporation, Appellee.**

**No. 5981.**

Supreme Court of Arizona.

Oct. 11, 1955.

Richard S. Gilmore, Glendale, and Robert R. Weaver, Phoenix, for appellant.

Lewis, Roca, Scoville & Beauchamp, Phoenix, for appellee.

WINDES, Justice.

Appellant, Martin L. Colvin, and one Karl Dennison as partners were engaged in the business designated as Dennison Welding & Equipment Co. which was the distributor of welding machines and equipment for appellee, Westinghouse Electric Corp. Certain materials desired by the partnership were shipped to it by appellee on open account. Appellee took back certain merchandise which had been shipped to the partnership and gave it credit on the account in the sum of $6,832.26 and claimed a balance due of $3,879.01. Suit was brought against appellant resulting in a verdict and judgment for the plaintiff for the latter sum.

As evidence of the balance due on the account, plaintiff submitted in evidence a number of carbon copies of invoices which itemized materials and the prices thereof and recited that the same were shipped to Dennison Welding & Equipment Co. The total of these items after allowing the credit for the returned material reflects a balance unpaid in the amount claimed by the plaintiff. Appellant objected to the admission in evidence of the carbon copies of the invoices upon the ground that no proper foundation was laid and that they were not properly identified. This appeal is to test the correctness of the court's action in permitting the receipt in evidence of these documents. The reasons assigned for the claimed error of the court are that the documents are hearsay and unidentified as books or records of account with no testimony as to whether they are original en-

tries, whether they are correct, who prepared them, where they were prepared or whether they were made at the times of the transactions by a person authorized to make the same.

■ The applicable statute prescribing when a court may receive in evidence business records reads as follows:

"(b) Any record of an act, condition or event, shall, insofar as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business, at or near the time of the act, condition or event, and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission." Section 23–314, 1952 Cum. Supp., A.C.A.1939, 1951 Session Laws, Chap. 62, section 1.

The foregoing is the same as section 2 of the Uniform Business Records as Evidence Act. Its purpose was to liberalize the theretofore clumsy and unnecessarily hampering technicalities which only tended to prevent getting at the truth. Thompson v. Machado, 78 Cal.App.2d 870, 178 P.2d 838; Vol. 5, Wigmore on Evidence, 3d Ed., section 1520, page 361. There are numerous other authorities to the same effect. Cf. Vol. 9, Uniform Laws Ann., page 387.

■ The copies of invoices if made and kept in the regular course of business near the time of the sales claimed to have been made are competent evidence of the sales under the statute if a qualified witness testifies to their identity and mode of preparation.

■ As foundation for offering the documents, appellee's witness Karl Dennison testified that when materials were shipped to him, he received original invoices thereof and that the documents in question were duplicate copies of the invoices of materials which he received from Westinghouse. One Robert W. Penman testified that he had been employed by Westinghouse Electric Corp., for 25 years and was a "treasury representative", his duties being the extension of credit, collection of accounts and the handling of any other financial matters the treasurer's office might require of him. He testified that as goods were shipped, invoices were returned and charged to the accouut of the one to whom the shipment was made. The original invoices were sent to the customer and a carbon copy kept by the company in the regular course of business. This witness described the procedure followed in the preparation of the invoices to be substantially as follows:

"As those documents reached the warehouse the shipment is made. The warehouse man affixes a stamp, initials it as having been shipped. He assigns a shipping number and I believe there are certain details as to the carrier that was used and the date of shipment and so forth. These papers are then proc-

essed to the account department who produce an invoice from those papers."

From the foregoing testimony the court was of the opinion the source of the information, witnesses and the method and time of preparation of the documents were such as to justify their admission. The court is given a discretion in this respect and its judgment will not be disturbed except for an abuse thereof. Douglas Creditors Ass'n v. Padelford, 181 Or. 345, 182 P.2d 390. The record shows no such abuse.

Judgment affirmed.

LA PRADE, C. J., and UDALL, PHELPS, and STRUCKMEYER, JJ., concur.