318 P.2d 354

**George R. HOLMES and Mrs. George R. Holmes, Appellants,**

v.

**Kenneth H. GRAVES, dba Lincoln Acres Grocery, Appellee.**

No. 6238.

Supreme Court of Arizona.

Nov. 12, 1957.

Moore & Moore, Phoenix, for appellants.

William C. Fields, Phoenix, for appellee.

STRUCKMEYER, Justice.

Appellants George R. Holmes and his wife appeal from a judgment entered against them in favor of Kenneth H. Graves. There is no dispute as to the facts. Appellee is the proprietor of a grocery store in Phoenix, Arizona. Appellants ran a charge account with him for a period of more than four years prior to the institution of this action, but we are here concerned with only the last four and one-half months. The only record kept by appellee of charge accounts was on sales pads containing duplicate pages, each charge customer having a separate pad. When appellants or members of their family purchased groceries, the price of the item or total price of the items purchased was noted in

the sales pad with a carbon between the duplicate pages. The total from the previous entries was brought forward on each new page, and the amount of the new sales when entered added to the previous total. After each page was filled, or nearly so, one of the duplicate pages was taken out of the book and given to the customer and when a sales pad was exhausted, another with the customer's name written on it was started. It should be noted that customarily, but not always, the items purchased were totalled on a cash register, and only the total amount of the particular purchase entered in the sales pad without any reference to the nature of the goods. The cash register tape was then delivered to the customer.

The following is a typical example of one of the pages taken from the sales pad:

"Sold by _____ Date 9–20–54 _____

Name ·Holmes _____

Address _____

Reg. No. _____ Amt. Recd. _____ Acct. Fwd. _____

|  |  |  |
|---|---|---|
|  |  | $448.73 |
|  |  | .75 |
|  |  | 2.32 |
|  |  | 451.80 |
|  |  | .64 |
|  |  | 452.44 " |

Appellee brought this action on an open account for the sum of $763.92, alleging that appellants failed and refused to pay for the groceries and supplies delivered, although a demand had been made therefor. After the complaint was filed, appellants served upon appellee seven interrogatories. The only interrogatory here pertinent is No. 1, as follows:

"What goods and merchandise did you sell to the defendants between June 1, 1954 and November 15, 1954?

Attach an itemized list of same to your answer."

The appellee, in answer to this interrogatory, replied:

"The goods and merchandise sold consisted of groceries, meats, vegetables, and cigarettes. Attached is itemized list of sales made to defendants."

The attached list was no more than a statement of the matters contained in the sales pads except for the additional state-

ment that the items were "miscellaneous" groceries.

Appellants at various times prior to trial moved for the following: (1) an order requiring appellee to file a bill of particulars specifying the items of merchandise sold to appellants, (2) an order requiring appellee to furnish an itemized list of merchandise, (3) an order requiring appellee to furnish appellants with a further account showing the items claimed to have been sold to the appellants, and (4) an order precluding appellee from introducing any evidence concerning the said items. All of the motions were denied.

■■■ In this state, in an action on an open account, a defendant may demand the items of account in writing. By Rule 12 (f), 16 A.R.S. Rules of Civil Procedure, it is provided:

·"The party pleading need not state the items of an account alleged in the pleading, but if demand is made in writing for the items of account, the adverse party shall file and serve a copy of the account within ten days after demand, or be precluded from giving evidence thereof. The court may order a further account when the account delivered is too general or is defective."

We have previously held that Rule 12(f) is peremptory and that the penalty for noncompliance precludes the delinquent from offering any evidence of the account. Proto v. Chenoweth, 33 Ariz. 261, 263 P. 943, 945, on rehearing, 33 Ariz. 496, 266 P. 13. We said that "The reason for requiring an itemized statement of the account, consisting of items and transactions running over a considerable period of time, is obvious. It is to inform the adverse party with what he is charged and to afford him an opportunity to marshal his evidence to meet the charges, * * *".

■■■ With the exception of the motion No. 1 above, the failure of the trial court to grant the motions would ordinarily be reversible error. However, in this case we believe that the appellants are estopped from asserting the benefits of this rule. Estoppel is quite generally predicated on conduct which induces another to acquiesce in a transaction, and that other, in reliance thereon, alters his position to his prejudice. It has three elements. First, acts inconsistent with the claim afterwards relied on; second, action by the adverse party on the faith of such conduct; third, injury to the adverse party resulting from the repudiation of such conduct. See Kerby v. State, 62 Ariz. 294, 157 P.2d 698. Estoppel will be applied to prevent injustices, Munger v. Boardman, 53 Ariz. 271, 88 P.2d 536, and to transactions in which it would be unconscionable to permit a person to maintain a position inconsistent with one in which he has acquiesced. 19 Am.Jur. 676, Estoppel, ·Section 62.

178

Here the system of keeping the account existed for a period of more than four years with appellants' knowledge and was seemingly satisfactory to them. The record does not disclose that they ever protested or desired that the particular items purchased and their corresponding price be noted in detail in the sales pads. It was only after the appellee refused to extend further credit and brought suit on the indebtedness that appellants sought the obviously impossible—to require the appellee to specify the individual items upon which the account was based. The law is neither so unrealistic nor so oppressive. Rule 12 (f) is designed for the private benefit of the individual; hence, there is no public policy forbidding its loss through the conduct of a party. cf. City of Glendale v. Coquat, 46 Ariz. 478, 52 P.2d 1178, 102 A.L.R. 837. Statutory provisions enacted for the benefit of individuals may be so far waived by those for whose benefit they were enacted that they are estopped to insist upon their protection. Mulhall v. Nashua Mfg. Co., 80 N.H. 194, 115 A. 449.

Appellants further complain that appellee did not show the reasonable value of the merchandise sold and delivered to them. This complaint has no merit. We point out that appellee's sales pads were introduced in evidence. These original books of entry are competent evidence of the amount owed. Colvin v. Westinghouse

Electric Corporation, 79 Ariz. 275, 288 P. 2d 490.

For the foregoing reasons the judgment is affirmed.

UDALL, C. J., and WINDES, PHELPS and JOHNSON, JJ., concur.