Bernard **DUDLEY** and Donald H. Randell, Plaintiffs,

v.

Theodore A. **ZAPPA**, Caroline Zappa, and Alaska Oil & Mineral Company, Inc., Defendants.

United States District Court
S. D. New York.
Nov. 9, 1959.

Taylor, Scoll & Simon, New York City, for plaintiffs. Kenneth Simon, New York City, of counsel.

John H. Kelley, New York City, for defendants. Lee Feltman, New York City, of counsel.

METZNER, District Judge.

The complaint in this action contains four causes of action and defendants have moved to dismiss the second and fourth causes of action.

The first cause of action alleges that plaintiff Dudley entered into a written agreement with defendant Theodore A. Zappa whereby plaintiff agreed to exchange certain shares of stock which he owned in the Southwest Oil Corporation for shares of stock owned by Zappa in Alaska Oil Lands, Inc. and Alaska Leaseholds, Inc. A copy of the agreement is attached to the complaint. Plaintiff delivered his shares of stock, but it is alleged that defendant Zappa failed to fulfill his part of the agreement.

The second cause of action repeats the allegations of the first cause of action and further alleges that Theodore A. Zappa and Caroline Zappa dominated and controlled both Alaska Oil Lands, Inc. and Alaska Leaseholds, Inc. and represented to plaintiff Dudley that they held leases or options to lease on acreage in various parts of Alaska, which had been transferred into the named corporations. However, plaintiff claims that after the date of the written agreement the Zappas, through their domination and control of the officers and directors of the corporations, caused the assets of the corporations to be transferred for little or no consideration without the consent of the plaintiff, so that the value of the plaintiff's stockholder interests in the corporations was worthless.

The third cause of action alleges an agreement whereby plaintiffs Dudley and Randell were to receive certain stock and the option to purchase certain stock for services rendered in connection with the registration, promotion and sale of the stock of a corporation known as Alaska Oil & Mineral Company, Inc. It is alleged that the services were rendered and that the defendants failed to pay plaintiffs the compensation agreed upon.

The fourth cause of action is similar to the second cause of action in that it is alleged that the defendants Zappas, through their domination and control of the various corporations, transferred the assets of the corporations so as to make worthless the stock which plaintiffs claim they are entitled to under the contract of employment set forth in the third cause of action.

The plaintiffs seek specific performance of the agreements which they claim were breached. In addition, they seek an accounting of the disposition of the alleged dissipation of assets of the corporations whose stock they would receive if they were successful on the first and third causes of action and damages sustained by reason of such transfer.

Plaintiffs disavow any intention of predicating the second and fourth causes of action on a theory of a secondary action by shareholders. I agree that this could not possibly be their theory, since they are not shareholders at this time.

██ ██ They have, however, set forth a claim against the defendants. Dioguardi v. Durning, 2 Cir., 1944, 139 F.2d 774. The prayer for relief does not govern a determination pursuant to F.R. Civ.P. 12(b)(6), 28 U.S.C.A., as to whether the plaintiff has failed to state a claim upon which relief can be granted. Truth Seeker Co., Inc. v. Durning, 2 Cir., 1945, 147 F.2d 54. This claim seems to be based on fraud and to the extent that it fails to comply with the provisions of F.R.Civ.P. 9(b) the motion is granted.

Plaintiffs will have 20 days from the service of the order to be entered upon this motion within which to serve an amended complaint in accordance with these directions.

Settle order on notice.