406 P.2d 847

Milton J. HUSKY, Treasurer of the State of Arizona, and Allen H. Rhodes, Registrar of Contractors of the State of Arizona, Appellants,

v.

Jerry W. LEE, Appellee.\*

No. 2 CA–CIV 81.

Court of Appeals of Arizona.

Oct. 28, 1965.

to this Court pursuant to Section 12–120.-23 A.R.S.

Robert W. Pickrell, Former Atty. Gen., Darrell F. Smith, Atty. Gen., by Robert S. Murlless, Asst. Atty. Gen., for appellants.

Johnson, Darrow, D'Antonio, Hayes & Morales, by Harold M. Cole, Tucson, for appellee.

STEVENS, Chief Judge.

This cause relates to the cash bond of a contractor held by the State Treasurer of Arizona and the order of the trial court denying two motions to vacate the default judgment against the State Treasurer and the State Registrar of Contractors.

When Olympic Pools, Inc., a corporation qualified as a duly licensed Arizona contractor, Allen H. Rhodes, the Registrar of Contractors for the State of Arizona, acting pursuant to statute, required the posting of a $2,000 bond. Olympic had the statutory right to post a surety bond or to post a cash bond and elected to post a cash bond. The money was deposited with Milton J. Husky, the State Treasurer, as directed by statute. These matters are governed by § 32–1152 A.R.S. as amended. Sub-section D of this section, in part, is as follows:

> "The bonds required by this chapter shall be in favor of the state for the benefit of any person covered by this subsection. The bond shall be subject to *claims* by any person who, after entering into a construction contract with the principal is damaged by the failure of the principal to perform the contract or by any person furnishing labor or materials used in the direct performance of a construction contract. *The persons claiming against the bond or cash deposit may maintain an action at law against the contractor and the surety or the depository and * * * the depository may be sued upon in successive actions until the full amount thereof is exhausted. * * * If the surety desires to make payment without awaiting court action, the amount of any bond filed in compliance with this chapter shall be reduced to the extent of any payment or payments made by the surety in good faith thereunder. Any such payments shall be based on priority of written claims received by the surety prior to court action."* (Italics supplied.)

Jerry W. Lee entered into a contract with Olympic and later claiming that Olympic had breached the contract, filed suit in Pima County naming Olympic and the appellants as the parties defendant. All were served with process and their defaults were timely entered for failing to answer. Promptly thereafter, on the 10th day of September, Judge Alice Truman of Pima County conducted a hearing and entered a written judgment. The motions which led to the order which are the subject of this appeal, were filed on the 17th and 18th days of September. These were heard by Judge Lee Garrett of Pima County and were denied. This appeal follows pursuant to Sub-sections A and C of § 12–2101 A.R.S. which section has since been amended in relation to matters not concerned in this appeal. See also Bateman v. McDonald, 94 Ariz. 327, 385 P.2d 208 (1963).

The complaint alleged the contract with Olympic and the breach thereof; it alleged the $2000 deposit with Mr. Husky pursuant to § 32–1152. The complaint was silent in relation to the basis for any claim for relief against Mr. Rhodes. The prayer of the complaint is as follows:

> "For judgment against the Defendants M. J. Huskey (sic) as State Treasurer of the State of Arizona as depository under the provisions of ARS 32–1152, and the Defendant Allen H. Rhodes, the Registrar of Contractors of the State of Arizona in the sum of $2,000.-00, being the cash contractor's bond of the Defendant, Olympic Pools, Inc."

Judgment was entered against Olympic for $6,259 plus costs. The judgment further recited:

> "That the Plaintiff have judgment against the Defendant M. J. Huskey (sic) as State Treasurer of the State of Arizona as depository under the provisions of A.R.S. 32–1152, and the Defendant Allen H. Rhodes, the Registrar of Contractors of the State of Arizona in the sum of $2,000.00, the execution on said judgment against the

Defendant M. J. Huskey (sic) as State Treasurer of the State of Arizona and the Defendant Allen H. Rhodes as the Registrar of Contractors of the State of Arizona to be exclusively against the cash contractor's bond deposited by the Defendant Olympic Pools, Inc. with the above-named State officials."

Rule 55(e) of the Rules of Civil Procedure (16 A.R.S.) is as follows:

"No judgment by default shall be entered against the state or an officer or agency thereof unless the claimant establishes his claim or right to relief by evidence satisfactory to the court."

The language of this rule is very similar to the language of Federal Rule 55(e).

On the 17th day of September, the defendants Rhodes and Husky, in their respective official capacities, filed a motion to set aside the default and judgment entered against them. The motion pointed out that "there is no cause of action stated against the State upon the relation of ALLEN RHODES". The motion was verified and recited that the State has been served with several law suits against the defendant Olympic in relation to the bond on deposit listing law suits in three separate counties for claims far in excess of the $2,000 deposit. The motion stated in support of the reason for failing to file an answer within the time prescribed by law that all of these actions had been processed through the records of two of the executive departments of the State. The motion further pointed out that an interpleader action had been filed in Pima County naming all claimants as defendants seeking to litigate the entitlement of each to the money, urging that it was doubtful that the claim which is the subject of this appeal enjoyed a priority and urging that it was necessary to set aside the default in order to avoid the possibility of double liability. On the 18th of September, defendants again moved to set aside the default and judgment urging lack of juris-

diction to enter the judgment against Rhodes and excusable neglect in answering due to lack of jurisdiction against Milton Husky. As before stated, both of these motions were denied and are the subject of this appeal.

█ In determining the sufficiency of a complaint to state a claim for relief, the prayer is no part of the complaint. Dudley v. Zappa, D.C., 24 F.R.D. 427 (1959); Fletcher v. State ex rel. Morrison, 90 Ariz. 251, 367 P.2d 272 (1961). An examination of the charging portion of the complaint fails to state a claim for relief against Mr. Rhodes. The action, if any, against Mr. Rhodes in this type of situation would be purely statutory and there is no statutory action against Mr. Rhodes under the issues set forth in the complaint. While it is true that the language of the judgment limits recovery to the $2,000 held pursuant to § 32–1152 and, therefore, it can be argued that no harm can come to Mr. Rhodes under the language of this judgment, nevertheless the judgment should have been vacated against him even though the trial court felt that there was no excusable neglect shown in relation to his failure to answer. One cannot recover judgment by default for a sum or for relief in excess of that warranted by the pleadings. Rule 54(d) Rules of Civil Procedure (16 A.R.S.). Even though there may be some question as to whether these matters were adequately presented to Judge Garrett, we now direct that the judgment as to Allen H. Rhodes, Registrar of Contractors, be vacated.

█ The Attorney General urged that Judge Truman should have heard the motions as she and not Judge Garrett was the one Judge who was qualified to determine whether or not the evidence which was presented in support of the entry of the judgment met the test of Rule 55(e). In the absence of an affirmative showing to the contrary, the record speaks verity and we must assume that the evidence met the test. Meister v. Rakow, 79 Ariz. 97, 284 P.2d 464 (1955).

We can appreciate the fact that there are undoubtedly problems in assembling the information necessary for an answer particularly where there are multiple claims against a single bond. Quite possibly there is a good argument that the time allotted to the State of Arizona and its officials should be enlarged. These matters are not within the scope of the authority of this Court and we find no proper basis upon which to make a determination that Judge Garrett erred in not vacating the default judgment against the State Treasurer.

This Court is urged to find and declare an answer to the perplexing problems which arise in connection with multiple claims against a contractor's bond and to establish procedures whereby the claimants will be paid pro rata as distinguished from permitting those who are successful at an early stage to be paid a disproportionate share of the bond money and so deplete the source of payment. It is our opinion that these answers can be found only through legislative enactment or possibly through the rule making power of the Arizona Supreme Court.

We are urged to vacate the judgment against the State Treasurer to avoid the possibility of double liability on his part as custodian of the fund. We deem it inappropriate to express an opinion on this matter and our silence is not to be construed as a declaration either in favor of or in opposition to the possibility of double liability.

The statute authorizes a surety to make partial payments without court action. In so doing, the surety would be called upon to judge as to the merits of the claim against the contractor. This exercise of judgment is not given to the State Treasurer. While the surety is authorized to make partial payments, the surety need not honor claims without suit and is privileged to require that suit be filed before the surety is required to make payment. On the other hand, the Treasurer cannot pay in the absence of being made a party defendant to an action. The statute contemplates that there may be successive actions. The priority of entitlement to payment out of the sum on deposit is not established by the sequence in which the suits are filed or by the sequence in which process has been served. The priority is established by the sequence of judgments. The Treasurer has no authority and cannot be expected to enter into the controversy as to the correctness of the claim of the contractee against the contractor. Once the obligation of the contractor to the contractee has been determined in a pending action, the successful party is then in a position to reduce his claim against the State Treasurer to judgment, the only defense which can be offered by the State Treasurer is that the fund has been exhausted by prior judgments. This priority is determined by the date of the entry of the judgments. The Treasurer need not pay immediately upon the receipt of a copy of a judgment and may adopt appropriate procedures to determine the relative priorities of the several claimants.

At oral argument The Attorney General stated that although an action in interpleader had been filed naming the several claimants as parties defendant, no money had been deposited in the Office of the Clerk of the Superior Court for the reason that there is no statutory authority for the State Treasurer to divest himself of the custody of the money by paying the same into court in an interpleader action.

The orders appealed from in relation to Mr. Husky in his capacity as State Treasurer are affirmed and the judgment is modified by eliminating Mr. Rhodes, the Registrar of Contractors, as a judgment debtor.

CAMERON and DONOFRIO, JJ., concurring.

(This cause was decided by the Judges of Division One as authorized by A.R.S. Section 12–120, subsec. E.)