499 P.2d 171

UNITED STATES FIDELITY AND GUARANTY COMPANY, a corporation, Appellant,

v.

BAIRD'S BREAD COMPANY, an Arizona corporation, Appellee.

No. 1 CA–CIV 1671.

Court of Appeals of Arizona,
Division 1.
Department B.
July 20, 1972.

Moore, Romley, Kaplan, Robbins & Green, by Robert A. Scheffing, Phoenix, for appellant.

Carson, Messinger, Elliott, Laughlin & Ragan, by Lee R. Perry, Phoenix, for appellee.

JACOBSON, Judge.

May a surety on a contractor's bond whose statutory liability has been exhausted by a prior judgment and payment thereunder, be estopped to raise this defense on subsequent attacks on the bond? This is the question presented on this appeal.

On March 20, 1970, appellee Baird's Bread Company (Baird's) brought an action against Burleson Construction Company (Burleson) for breach of a construction contract, and against appellant U. S. Fidelity & Guaranty Company (USF&G) to recover from USF&G the sum of $2,000 as Burleson's surety on its contractor's license bond. Burleson was defaulted and USF&G moved for summary judgment on the theory that its liability on the Burleson bond issued was exonerated when USF&G paid the full proceeds of the bond to a prior judgment creditor. Baird's also moved for summary judgment on the grounds that USF&G was estopped from asserting the defense of prior exhaustion of the bond. The trial court granted Baird's motion and USF&G has appealed.

Baird's concedes that if its theory of estoppel was not shown or is not applicable, USF&G's defense of prior payment is valid. A.R.S. § 32–1152, subsec. D; Husky v. Lee, 2 Ariz.App. 129, 406 P.2d 847 (1965). We therefore need only concern ourselves with the estoppel question.

The uncontradicted facts giving rise to the estoppel theory are as follows: Baird's filed its action on March 20, 1970, and on this same date caused service to be made on USF&G by serving the State Director of Insurance and by serving Burleson personally. The time within which USF&G could answer expired on April 29, 1970. On April 30, 1970, Baird's attorney called counsel for USF&G to advise him that USF&G's answer time had expired. USF&G's counsel indicated that he had no knowledge of Baird's lawsuit and requested that default not be entered until he had an opportunity to investigate the matter. Shortly thereafter, counsel for USF&G called back Baird's counsel and advised him that USF&G had failed to notify him of this lawsuit, that other suits on the same bond were pending, but that Baird's suit was first in time and would have first priority if judgment could be obtained. USF&G's attorney further advised that if default was not entered and USF&G was allowed to answer, USF&G would not oppose a motion for summary judgment by Baird's on the bond. Counsel for USF&G further stated that he would not answer other suits on the bond until the last day so as not to prejudice Baird's position of priority.

USF&G thereupon filed its answer and Baird's filed its motion for summary judgment, both the answer and motion being filed the same day as the telephone conversations between counsel—April 30, 1970. The hearing on Baird's motion for summary judgment was set for May 11, 1970. Prior to the date set for the motion for

summary judgment, Baird took a default judgment on May 5, 1970, against Burleson. Also prior to this date, and unbeknownst to USF&G's counsel, another creditor of Burleson obtained a judgment against both Burleson and USF&G on May 7, 1970. USF&G paid the full amount of its bond to this creditor. Upon being informed of this payment, counsel for USF&G filed a motion for summary judgment raising the prior payment defense which was countered by Baird's raising the estoppel theory with the results previously indicated.

USF&G contends the doctrine of equitable estoppel does not apply in this case as Baird's has failed to establish the elements necessary to raise this defense as enumerated in Lillywhite v. Coleman, 46 Ariz. 523, 52 P.2d 1157 (1935). *Lillywhite* states that five elements are necessary to raise the issue of estoppel:

> "(1) There must be a false representation *or concealment of material facts*; (2) it must have been made with knowledge, actual or constructive, of the facts; (3) the party to whom it was made must have been without knowledge of or the duty of inquiring further as to the real facts; (4) it must have been made with the intention it should be acted upon; and (5) the party to whom it was made must have relied on or acted on it to his prejudice." (Emphasis in original.)

In particular, USF&G first argues elements one and two are not present as counsel had no knowledge at the time the representation was made, of the creditor suit which was subsequently paid.

However, appellee contends that only three elements are recognized in Arizona as constituting the defense of equitable estoppel, false representation not being among them, citing Holmes v. Graves, 83 Ariz. 174, 318 P.2d 354 (1957), which holds:

> "Estoppel . . . has three elements. First, acts inconsistent with the claim afterwards relied on; second, action by the adverse party on the faith of

such conduct; third, injury to the adverse party resulting from the repudiation of such conduct." 83 Ariz. at 177, 318 P.2d at 356.

To the same effect, *see* San Manuel Copper Corp. v. Farrell, 89 Ariz. 349, 362 P.2d 730 (1961); Herman Chanen Const. Co. v. Northwest Tile & Terrazzo Co., 6 Ariz. App. 490, 433 P.2d 807 (1967); Decker v. Hendricks, 97 Ariz. 36, 396 P.2d 609 (1964); Cashion Gin Co. v. Kulikov, 1 Ariz.App. 90, 399 P.2d 711 (1965); Myers v. Rollette, 6 Ariz.App. 43, 429 P.2d 677 (1967); Irwin v. Pacific American Life Ins. Co., 10 Ariz.App. 196, 457 P.2d 736 (1969).

■ The only difference in the elements enumerated in *Lillywhite,* and in the cases cited above, is the requirement in *Lillywhite* of the falsity of the representation. In our opinion, in view of the numerous decisions of the Supreme Court since *Lillywhite* which contain no reference to a "false representation", the "falsity" requirement of *Lillywhite* must be considered, as being synonymous with "unconscionable" as required by the subsequent cases. As was stated in Holmes v. Graves, *supra*:

> "Estoppel will be applied to prevent injustices, Munger v. Boardman, 53 Ariz. 271, 88 P.2d 536, and to *transactions in which it would be unconscionable to permit a person to maintain a position inconsistent with one in which he has acquiesed.*" (Emphasis added.) 83 Ariz. at 177, 318 P.2d at 356.

■ In our opinion, for one lawyer to advise a fellow member of the bar that he will not oppose the relief requested in exchange for the opportunity to exercise a right which has expired and then after receiving that right, disavowing his previous commitment is "unconscionable" under the spirt of both *Lillywhite* and *Holmes,* and we so hold.

■ USF&G next contends that there was no reliance by appellee on the representations, as once counsel for USF&G was advised of the pendency of appellee's lawsuit, it could have, without any repre-

**560**

sentations, prohibited appellee from obtaining judgment prior to May 7, 1970, by merely filing an answer or moving to set aside any default previously entered. Insofar as USF&G contends it could have filed an answer and thus prevent a default judgment, such a contention rests upon the supposition that an answer could have been filed prior to the time that appellee had entered USF&G's default. There is no evidence to support such a supposition, and in fact, the uncontradicted evidence is that USF&G's default would have been entered had not its counsel made the representations previously set forth. The fallacy in the balance of USF&G's argument is that if USF&G's default had been entered on April 30, 1970, USF&G could have delayed matters until after May 7, 1970—the date the other creditor obtained judgment, or at best it is speculative that it could have done so.

 USF&G argues that it was entitled under Rule 55(b), Rules of Civil Procedure, 16 A.R.S., to three days' notice of application for judgment. Assuming the applicability of this rule and an immediate appearance by USF&G following entry of default on April 30, 1970, there is no showing that the three-day notice provision could not have been complied with by May 5, 1970, the date set for taking judgment against Burleson.

USF&G next argues that once having notice of the default, it could have moved to set it aside and thus delay matters. Assuming again that default had been entered and USF&G moved immediately to set it aside, there is no showing that this motion could not have been heard on May 5, 1970, the same date previously set for entry of judgment against USF&G's principal, Burleson. Moreover, there is no evidence that had a motion to set aside the default been filed, it would have been successful. One of the requirements for setting aside a default is the existence of a meritorious defense. Payne v. Payne, 12 Ariz.App. 434, 471 P.2d 319 (1970). Had the motion been heard prior

to May 7, 1970, and there is nothing in the record to indicate it could not have been heard by then, USF&G had no meritorious defense to Baird's action on the Burleson bond.

In this case, Baird's in reliance on representations of USF&G's counsel that USF&G would protect Baird's position of priority and would not oppose its motion for summary judgment, did forego the entry of USF&G's default, did forego the possibility of obtaining a judgment against USF&G on May 5, 1970, and allowed USF&G to answer this lawsuit. As a result of that reliance, its position of priority has been jeopardized and if USF&G is allowed to disavow its commitment, will be damaged in the sum of $2,000. Under these circumstances, we hold the trial court correctly applied the doctrine of estoppel.

Judgment affirmed.

HAIRE, C. J. Division 1, and EUBANK, J., concur.