704 P.2d 826

**McCLELLAN MORTGAGE COMPANY, an Arizona corporation, Plaintiff-Appellant,**

v.

**Stephen D. STOREY and Jackie Storey, husband and wife, Defendants-Appellees.**

**No. 1 CA–CIV 7529.**

Court of Appeals of Arizona, Division 1, Department C.

July 16, 1985.

Law Offices of Charles Anthony Shaw by Daniel F. Furlong, Prescott, for plaintiff-appellant.

Mark N. Goodman, Prescott, for defendants-appellees.

## OPINION

CORCORAN, Judge

Appellees Stephen and Jackie Storey (Storeys) were in the business of selling Kirby vacuum cleaners to consumers. Some of the sales were made through the use of retail sales contracts whereby the consumers would make monthly payments toward the purchase of vacuum cleaners. On November 20, 1980, the Storeys entered into a dealer financing agreement with the appellant McClellan Mortgage Company (McClellan) whereby McClellan could, at its discretion, purchase retail sales contracts from the Storeys, discounting the amount financed by 10%. The agreement provided for McClellan to withhold 40% of the amount financed as a reserve account for

possible losses. The agreement further provided that McClellan would have recourse against the Storeys as follows:

Dealer [Storeys] unconditionally guarantees the payment of each contract purchased by Lender [McClellan] in accordance with its terms and conditions. Should any contract purchased by Lender become ninety (90) days past due, Lender shall notify Dealer in writing. Fifteen days after such notification, unless sooner paid in cash, or by sale to Lender of another contract(s) of equal or greater amount which is (are) current in payment(s) satisfactory to Lender, then Lender shall charge back the balance of the past due contract to the Dealer reserve account and reassign the past due contract back to Dealer.

On January 20, 1983, McClellan filed suit against the Storeys, alleging that the Storeys had failed to pay to McClellan past due and delinquent accounts totaling $18,852.72. McClellan alleged that it had reassigned to the Storeys past due and delinquent accounts to the extent of the amount remaining in the dealer reserve account and that the $18,852.72 remaining due to it was over and above what had been taken from that account. The Storeys counterclaimed, alleging that McClellan owed them certain sums due under the contract.

On April 19, 1983, the Storeys filed a motion for partial summary judgment, seeking summary judgment as to McClellan's claim against them. The Storeys argued that they had been discharged from all liability to McClellan when the latter failed to sue the consumers who had entered the retail sales contracts upon their request that it do so. The Storeys maintained that their contract with McClellan made them a surety or guarantor of the consumer contracts, and therefore they were entitled to the defense provided in A.R.S. § 12–1641 et seq. A.R.S. § 12–1641 provides:

Any person bound as surety upon a contract for payment of money or performance of an act, when the right of action has accrued, may require, by notice in writing, the creditor or obligee forthwith to bring an action upon the contract. If the creditor or obligee, not being under legal disability, fails to bring the action within sixty days after receiving the notice, and prosecute it to judgment and execution, the surety giving the notice shall be discharged from all liability thereon.

A.R.S. § 12–1646 further provides:

The remedy provided in this article for sureties extends to endorsers, *guarantors*, drawers of bills which have been accepted, *and every other suretyship*, whether created by express contract or operation of law.

(Emphasis added.) The Storeys did in fact make demand on McClellan that it sue the consumers on the retail sales contracts to obtain payment and McClellan refused to do so. The trial court found that A.R.S. § 12–1641 provided the Storeys with a defense and therefore granted summary judgment for the Storeys on McClellan's claim against them. McClellan appealed after final judgment was entered pursuant to rule 54(b), Arizona Rules of Civil Procedure.

The question on appeal is whether the trial court erred in finding that the Storeys were entitled to the defense given in A.R.S. § 12–1641. If the Storeys were not entitled to the defense, then the trial court erred in entering summary judgment for the Storeys on McClellan's claim.

▮ We first dispose of McClellan's argument that even if the Storeys are in fact a "guarantor," A.R.S. § 12–1641 does not apply. McClellan argues that even though § 12–1646 specifically states that the remedy provided in this article extends to guarantors, the language in § 12–1646 providing that the remedy also extends to "every other suretyship" indicates that the statute applies only to those guarantors who are also sureties. We do not find this to be a reasonable interpretation of the statute. Under Arizona law, contracts of guaranty are distinguished from contracts of surety. *See, e.g., Van Marel v. Watson*, 28 Ariz. 32, 38, 235 P. 144, 146 (1925). In

*Security Ins. Co. v. Johns-Manville Sales Corp.*, 8 Ariz.App. 18, 21, 442 P.2d 555, 558 (1968), we pointed out this distinction in quoting from 24 Am.Jur. § 11 (1939), page 879:

> The surety is a party to an original obligation which binds him as well as his principal, whereas a guarantor is not a party to such an undertaking, the contract by which he is bound being collateral to a primary or original obligation. This is the vital difference between the two contracts.

Therefore, a "guarantor" would never be a "surety" under the normal meaning of these terms. We find it clear that the language "and every other suretyship" is used in the statute merely to show that the statute applies to all types of relationships in which one person agrees to answer for the debt of another, not just those specifically listed in the statute.

■ We find considerably more merit, however, to McClellan's argument that this case does not involve "surety" or "guaranty." The mere fact that the agreement states that the Storeys "guarantee" payment of each contract assigned to McClellan does not mean that there is a "guaranty" agreement. The court looks to the obligation assumed in a particular case rather than to the distribution of labels. *Kintner v. Wolfe*, 102 Ariz. 164, 426 P.2d 798 (1967); *Shipp v. Ericson*, 80 Ariz. 108, 293 P.2d 443 (1955); *Security Ins. Co. v. Johns-Manville Sales Corp., supra.* It is clear that if this had been the usual sort of case in which guaranty arises, the original contract creating the debt would have been between the consumers and McClellan. The Storeys then would have executed a separate agreement with McClellan guaranteeing payment of the debt incurred by the consumers to McClellan. *See Howard v. Associated Grocers*, 123 Ariz. 593, 595, 601 P.2d 593, 595 (1979); *Security Ins. Co. v. Johns-Manville Sales Corp.*, 8 Ariz.App. at 21, 442 P.2d at 558 (1968); 38 Am.Jur.2d *Guaranty* § 1 at 996 (1968). If it, instead, had been a suretyship, the three parties would have entered only one contract, but the principal debt would still have been entered between McClellan and the consumers. *See Security Ins. Co. v. Johns-Manville Sales Corp.*, 8 Ariz.App. at 21, 442 P.2d at 558 (1968); 74 Am.Jur.2d *Suretyship* § 1 at 12 (1974).

■ Neither of these situations describes what happened in this case. The underlying debt obviously was not between McClellan and the consumers. It was between the Storeys who owned the vacuum cleaners and the consumers. The Storeys then assigned the contracts they had entered into with the consumers to McClellan, giving McClellan recourse against them if the consumers failed to pay the debts. This fact situation does not give rise to a guaranty or suretyship in the normal sense of those words.

■ Even if the relationship formed in the contract between the Storeys and McClellan would fall within the broad use of the term "suretyship" in A.R.S. § 12–1646, in that the Storeys were agreeing to answer for the debt owed by the consumers, we agree with McClellan that the Storeys unambiguously waived the defense provided in A.R.S. § 12–1641. In *Austad v. United States*, 386 F.2d 147 (9th Cir. 1967), the court of appeals held that the provisions of A.R.S. § 12–1641 can be waived. In that case, a contract of guaranty contained provisions which were inconsistent with the provisions of A.R.S. § 12–1641. The court observed that "[t]he statute was enacted for the benefit of sureties only. If they desire to waive it in order to receive a loan, the law should not prevent them." 386 F.2d at 150. We find no error in the Ninth Circuit's conclusion that A.R.S. § 12–1641 can be waived. It is well settled that most rights may be waived. *Estate of Henry*, 6 Ariz.App. 183, 430 P.2d 937 (1967). As the Arizona Supreme Court stated in *Holmes v. Graves*, 83 Ariz. 174, 318 P.2d 354 (1957), "[s]tatutory provisions enacted for the benefit of individuals may be so far waived by those for whose benefit they were enacted that they are estopped to insist upon their protection." 83 Ariz. at 178, 318 P.2d at 357.

We find that the agreement in this case unambiguously waives any rights the Storeys may have had to require McClellan to sue the consumers. While the first sentence of the "guaranty" paragraph speaks of "guaranteeing payment" of the contracts, it is clear from the subsequent sentences that what the Storeys were actually guaranteeing was that McClellan would be paid the contract amounts without having to pursue the consumers for collection. The agreement provides for McClellan to notify the Storeys ninety days after a contract payment is past due. Within fifteen days after the notification, McClellan was either to receive payment in cash, or have a new contract of equal value and current in payments substituted, or McClellan would have the right to reassign the contract to the Storeys and obtain reimbursement from the dealer reserve account. Clearly, the provision that McClellan was to obtain relief from the Storeys within fifteen days after notification to the Storeys of the past due status of the account conflicts with the provisions of A.R.S. § 12–1641 which allows the guarantor to require the creditor to sue the consumer within sixty days and shows that the Storeys intended to waive the benefits of A.R.S. § 12–1641. We disagree with the Storeys' argument that the contract would have to have express language that McClellan would not be required to sue the consumers in order to accomplish waiver of A.R.S. § 12–1641. The language chosen by the parties in this instance adequately accomplished that result.

We find that the trial court erred in concluding that the Storeys were entitled to the defense provided in A.R.S. § 12–1641. We therefore reverse the trial court's entry of summary judgment for the Storeys and remand for further proceedings consistent with this decision.

Appellant has requested attorney's fees, urging that they be granted both pursuant to A.R.S. § 12–341.01 and pursuant to agreement of the parties. Since the case is being remanded, we find that the issue of attorney's fees on appeal should be postponed until final decision.

EUBANK and FROEB, JJ., concur.