709 P.2d 908

**Francis E. WEITEKAMP and Annette M. Weitekamp, husband and wife, doing business as Western Pride Concrete, Plaintiffs/Appellants,**

v.

**FIREMAN'S FUND INSURANCE COMPANY, Defendant/Appellee.**

**No. 2 CA–CIV 5399.**

Court of Appeals of Arizona, Division Two, Department B.

Oct. 23, 1985.

Waterfall, Economidis, Caldwell & Hanshaw, P.C. by Robert L. Villamana and Steven M. Cox, Tucson, for plaintiffs/appellants.

Jennings, Kepner & Haug by Robert O. Dyer and Chad L. Schexnayder, Phoenix, for defendant/appellee.

## OPINION

LACAGNINA, Judge.

Francis and Annette Weitekamp appeal from a summary judgment in favor of Fireman's Fund Insurance Co. (the Fund), defeating Weitekamp's claim for recovery on a contractor's license surety bond.

Weitekamp, a licensed contractor who furnished and installed concrete kooldecking to Whitaker Construction Company for residential construction, sought recovery of $10,290.50 owing from Whitaker, the principal on the bond, who is now insolvent. Weitekamp's lawsuit was the seventh filed for recovery under the surety bond. The penal sum of $10,000 was exhausted by the Fund's prior voluntary payments to the first two claimants, Dynamic Electric ($8,052) and Barnetta Anderson ($1,948). Defending against Weitekamp's claim, the Fund argued only the prior exhaustion of the bond.

Weitekamp claims on appeal the Fund's voluntary payments prior to judgment were improper under A.R.S. § 32–1152(E), showing a lack of good faith where payment was made solely in the order of service of lawsuits, without investigation into the merits of each claim.

We disagree and affirm.

A surety may pay a claimant of a contractor's license bond as allowed by A.R.S. § 32–1152(E), which reads, in pertinent part, as follows:

If the corporate surety desires to make payment *without awaiting court action,* the amount of any bond filed in compliance with this chapter shall be reduced to the extent of any payment or payments made by the corporate surety in good faith thereunder. Any such payments shall be based on priority of written claims received by the corporate surety *prior to court action.* * * * (Emphasis added).

Weitekamp argues that "court action" refers to the filing of a complaint; that once suit is filed, the legislature intended to divest the surety of its control over investigation and payment of claims. The Fund argues the phrase refers to the court's adjudication of a claim, thus requiring payment of the bond; that the legislative intent to protect contractors, materialmen and property owners would be frustrated by Weitekamp's statutory interpretation by causing unnecessary litigation thereby depleting the bond and by cutting off the surety's statutory right to reduce its liability without litigation by paying claims in good faith.

■ In this case, the Fund treated the lawsuits as written claims under the language of the statute and sought to limit its liability to the extent of the penal sum, making payments to Dynamic Electric and Anderson, based upon priority of the claims received. As stated by this court in *Husky v. Lee,* 2 Ariz.App. 129, 406 P.2d 847 (1965):

The statute authorizes a surety to make partial payments without court action. In so doing, the surety would be called upon to judge as to the merits of the claim against the contractor.... While the surety is authorized to make partial payments, the surety need not honor claims without suit and is privileged to require that suit be filed before the surety is required to make payment.

2 Ariz.App. at 133, 406 P.2d at 851. Indeed, the later statutory amendments make filing suit mandatory by those seeking recovery from the bond. If the surety's right was cut off by the filing of a single lawsuit, the statutory language allowing voluntary payment, existing unchanged since 1961, would be meaningless. A cardinal rule of statutory interpretation is to give full effect to the legislative intent, and each word or phrase must be given meaning so that no part is rendered void, superfluous, contradictory or insignificant. *City of Phoenix v. Yates,* 69 Ariz. 68, 208 P.2d 1147 (1949); *State v. Superior Court,* 113 Ariz. 248, 550 P.2d 626 (1976). If certain portions appear to be in conflict, they must

be harmonized, if possible, to give full effect to the statute. *Hill v. Gila County,* 56 Ariz. 317, 107 P.2d 377 (1940); *Adams Tree Service, Inc. v. Transamerica Title Ins. Co.,* 20 Ariz.App. 214, 511 P.2d 658 (1973). Following these principles, and reading the statute as a whole, we find the legislature intended that a surety make such voluntary payments prior to any court's action concerning the bond, whether that action is an injunction or judgment itself, and not limiting its right to make such payments only before the filing of a lawsuit.

■ The Fund properly defended against Weitekamp by claiming prior exhaustion of the bond. It did not act in bad faith by accepting Anderson's improper service upon the Fund and not the Director of Insurance or by its acceptance of Dynamic Electric's claim. Absent any such showing of bad faith, collusion or fraud on the part of the Fund, it may rely on prior exhaustion as a proper defense. *See Hills Brothers Chemical Co. v. Grandinetti,* 123 Ariz. 84, 89, 597 P.2d 987, 992 (App.1979). Although Weitekamp argues bad faith by the Fund because certain payments made by it were not properly recoverable under the bond, we find, even assuming it is true, that it was at best a mistake and not evidence of bad faith.

The Fund's treatment of each suit as a written claim under the statute distinguishes this case from the state treasurer's treatment of each subsequent judgment as a claim under the statute in *Husky v. Lee, supra,* because the surety has the unique statutory authority to make such voluntary payments without court action. That right also distinguishes this case from the interpleader actions and competing judgments discussed in *Hills Brothers Chemical Co., supra,* and *Hartford Accident & Indemnity Co. v. Phoenix Sand & Rock, Inc.,* 116 Ariz. 366, 569 P.2d 308 (App.1977).

Affirmed.

HATHAWAY, P.J., and LIVERMORE, J., concur.