540 P.2d 656

**John O. GRAHAM, Commissioner of the Arizona State Department of Public Welfare, Appellant,**

**v.**

**Cleo M. ASBURY, Appellee.**

**No. 12008.**

Supreme Court of Arizona,
In Division.

Sept. 22, 1975.

Gary ·K. Nelson, Former Atty. Gen., Bruce E. Babbitt, Atty. Gen. by James B. Feeley and Michael S. Flam, Asst. Attys. Gen., Phoenix, for appellant.

James T. Bialac, Phoenix, for appellee.

HAYS, Justice:

The Arizona State Department of Public Welfare (now the Department of Economic Security) brought suit against Cleo M. Asbury alleging a breach of her contract with that department. Asbury was granted educational leave while working for the Department to attend graduate school in social work. During that time, she received a gross salary of $4,802.50. In return she contracted to render a minimum of 24 months of service to the Department of Public Welfare immediately following the completion of her leave period. The contract that Asbury signed also stated that in the event of leaving the Department prior to finishing her period of service without the approval of the State Board of Public Welfare, she would reimburse the Department "for all gross salary previously paid while on educational leave, prorated for the unfilled proportion of the commitment."

Asbury left the Department on December 4, 1970, after six months of work, without the approval of the Board to waive reimbursement. In her letter of resignation, she acknowledged that she had not fulfilled her commitment and requested information as to what repayment was expected of her. Demand was not made on her until April 10, 1972. No payment being received from Asbury, the Department filed suit for $3,541.84. During its course, Asbury's motion for summary judgment was granted and the Department now appeals. This court has jurisdiction of the appeal pursuant to Rule 47(e)(5). Rules of the Supreme Court.

It is axiomatic that when one person agrees to perform in a certain manner upon adequate consideration and fails to keep the agreement, he is liable to the performing party for any damages sustained as a result of his failure to perform. *Lorden v. Snell*, 39 Ariz. 128, 4 P. 2d 392 (1931). To bring an action for the breach of the contract, the plaintiff has the burden of proving the existence of the contract, its breach and the resulting damages. *Clark v. Compania Ganadera de Cananea, S.A.*, 95 Ariz. 90, 387 P.2d 235 (1963). In this case, the contract and its breach are evident. The formula to measure the amount of the damages is included in the contract. From her letter of resignation, it is clear that the appellee knew of her obligation. The single issue before us is whether the appellant was estopped by its delay from asserting its claim against the appellee.

We need not decide whether the doctrine of estoppel can be asserted against the State because we find that the requisite elements to establish the applicability of the doctrine have not been met.

To assert estoppel means that a party is prevented by his own acts from claiming a right to the detriment of the other party who was entitled to rely on such

conduct and has acted accordingly. *Waugh v. Lennard,* 69 Ariz. 214, 211 P.2d 806 (1949).

> "The elements of an estoppel in pais are well settled; they are, essentially: conduct by which one intentionally or through culpable negligence induces another to believe and have confidence in certain material facts, which inducement results in acts in reliance thereon, justifiably taken, which cause injury to the party thus relying. *Kerby v. State [ex rel. Frohmiller],* 62 Ariz. 294, 157 P.2d 698 [1945]." *Builders Supply Corp. v. Marshall,* 88 Ariz. 89, 94, 352 P.2d 982, 985 (1960). *See Holmes v. Graves,* 83 Ariz. 174, 318 P.2d 354 (1957).

██ To invoke the doctrine, a person must have reasonably relied to his detriment on the acts, promises or representations of the adverse party. *Freeman v. Wilson,* 107 Ariz. 271, 485 P.2d 1161 (1971). The contract signed by the appellee provided for prorated reimbursement to the Department unless the approval of the State Board of Public Welfare was obtained in a waiver of that provision. Asbury knew of this. There has been no showing made that she relied on the delay on the part of the State to her detriment as an implied waiver contrary to the express provision of the contract. The only contention made is that whereas she was able to repay the money at the time of her letter of resignation, her financial position is now such that she cannot without hardship make the payment. This is not a sufficient change in circumstances to constitute detrimental reliance. Furthermore, no showing was made that the delay was intentional or constituted culpable negligence to induce detrimental reliance.

██ Estoppel is applied to prevent injustice and when "it would be unconscionable to permit a person to maintain a position inconsistent with one in which he had acquiesced." *Holmes v. Graves, supra,* 83 Ariz. at 177, 318 P.2d at 356. This is not such a situation.

The judgment of the trial court is reversed with directions that judgment be granted for the appellant.

CAMERON, C. J., and HOLOHAN, J., concur.