624 P.2d 322

**Roy LAZARD and Electra Lazard, husband and wife, dba Lazard Roofing Service, and Esperanza Farnsworth, a widow, Plaintiffs/Appellees,**

v.

**Jack MEDLEN, dba Medlen Insurance Company, Defendant/Appellant.**

**2 CA–CIV 3662.**

Court of Appeals of Arizona, Division 2.

Dec. 4, 1980.

Rehearing Denied Jan. 29, 1981.

Review Denied March 3, 1981.

Henry J. Severyn, Tucson, E. Leigh Larson, Nagales, for plaintiffs/appellees.

Gust, Rosenfeld, Divelbess & Henderson, by Dean G. Kallenbach and Richard A. Segal, Phoenix, for defendant/appellant.

OPINION

RICHMOND, Judge.

Defendant Jack Medlen, dba Medlen Insurance Agency, appeals from a summary judgment in favor of plaintiffs based on Medlen's negligence in failing to procure insurance against the accidental death of

Alonzo Farnsworth. Specifically, plaintiffs as the intended beneficiaries contended there would have been insurance coverage when Farnsworth died on July 24, 1973, if Medlen had issued a conditional receipt at the time Farnsworth applied for the policy and paid the first year's premium on June 2, 1973.

■ Although the parties devote the greater part of their briefs to whether notice to the applicant of rejection is necessary to terminate temporary insurance coverage, we do not reach that question. Assuming issuance of a conditional receipt would have created temporary coverage, *see John Hancock Mutual Life Insurance Co. v. McNeill*, 27 Ariz.App. 502, 556 P.2d 803 (1976), the agent's failure to fill out and deliver the receipt to the applicants would not render the coverage ineffective. *Jones v. John Hancock Mutual Life Insurance Co.*, 416 F.2d 829 (6th Cir. 1969). Medlen's omission, therefore, would not have affected the plaintiffs' rights as beneficiaries against the insurance company.

■ Plaintiffs argue, however, that Medlen is estopped to contend there was coverage because of his denial that he had authority to issue a conditional receipt to Farnsworth, on which they mistakenly relied in settling for $20,000 their $100,000 claim against the insurer during appeal from a summary judgment in favor of the insurer. There is no contention any denial by Medlen was other than an honest misinterpretation of the terms of the receipt and his agency agreement, both of which were available to plaintiffs' counsel at the time of the summary judgment in favor of the insurer on June 15, 1976, and dismissal of the appeal from that judgment on December 8, 1976, for failure to file an opening brief. To invoke the doctrine of estoppel, a person must have relied reasonably to his detriment on the acts, promises, or representations of the adverse party. *Graham v. Asbury*, 112 Ariz. 184, 540 P.2d 656 (1975). Since the agency manual attached to the insurer's motion for summary judgment not only authorized but expressly directed Medlen to complete and deliver the receipt on payment of an acceptable premium, there could be no reasonable reliance on Medlen's disclaimer of authority, assuming he was qualified to express an opinion in that regard.[1]

The matter was decided in the trial court on cross-motions for summary judgment. For the foregoing reasons, Medlen's motion should have been granted, there having been no genuine issue as to any material fact. The judgment in favor of plaintiffs is reversed with directions to enter judgment in favor of the defendant.

J. RICHARD HANNAH, Superior Court Judge, and HOWARD, J., concur.

HATHAWAY, C. J., having requested that he be relieved from consideration of this matter, HANNAH, Superior Court Judge, was called to sit in his stead and participate in the determination of this decision.

1. There is some question whether Medlen ever expressed such an opinion at any material time. In their brief plaintiffs refer to Medlen's testimony at a deposition in January 1977, *after* dismissal of their appeal from the judgment in favor of the insurer. At an earlier deposition in 1975 Medlen disclaimed authority to bind orally but was not asked about the conditional receipt. The opinion in *John Hancock Mutual Life Insurance Co. v. McNeill*, 27 Ariz.App. 502, 556 P.2d 803 (1976), on which plaintiffs now base their contention that the conditional receipt would have initiated temporary coverage, was not filed until September 9, 1976; motion for rehearing was denied October 22 and review denied by the supreme court on November 30.