**Juan ECHANOVE, et al., Plaintiffs,**

v.

**ALLSTATE INS. CO., et al., Defendants.**

**No. CV–09–023–TUC–DCB.**

United States District Court, D. Arizona.

Nov. 23, 2010.

Joseph C. Dolan, Joseph C. Dolan PC, Phoenix, AZ, Michael Jay Felix, Law Offices of M. Jay Felix PC, Tucson, AZ, for Plaintiffs.

Janice Kay Crawford, Karl Michael Tilleman, Kevin B. Wein, Steptoe & Johnson LLP, Phoenix, AZ, for Defendants.

## ORDER

DAVID C. BURY, District Judge.

This matter comes before the Court on Defendants' Motion for Summary Judgment and Plaintiffs' Cross Motion for Partial Summary Judgment. The Court has considered all of the documents filed in

support of and in opposition to the motions, as well as oral argument conducted on October 26, 2010.

## OVERVIEW

This lawsuit arises from a homeowners insurance claim that was reported to Allstate by the insured, Plaintiff Juan Echanove. Plaintiff experienced property damage to his property caused by a wind storm on February 15, 2008. On February 18, 2008, Plaintiff made a claim with Defendants, his homeowner's insurance carrier. An independent adjuster inspected Plaintiff's property on February 26, 2008. Based on his inspection, Defendants made a payment to Plaintiff for payment for property damage in the amount of $15,723.65. Two additional upward adjustments were requested by Plaintiff and they were paid, in the amount of a little over $1,000, bringing the total payment to $16,792.12 made less than thirty days after the damage was reported.

Some time later, Plaintiffs hired a public insurance adjuster who asserted that errors were made in the depreciation calculation and advised Plaintiffs to file a civil action in Court, which they did. Upon notice of the lawsuit and for the first time, the asserted depreciation mistake, Defendants sought review by the manager of the independent adjusting company, who prepared a revised depreciation resulting in an amount due to Plaintiffs of an additional $2,579.72, which was tendered to and accepted by Plaintiffs.

## STANDARD OF REVIEW

Summary judgment is appropriate if the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Once a party has moved for summary judgment, the opposing party must point to specific facts establishing that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the nonmoving party fails to make such a showing for any of the elements essential to its case for which it bears the burden of proof, the trial court should grant the summary judgment motion. *Id.* at 322, 106 S.Ct. 2548. "When the moving party has carried its burden of [showing that it is entitled to judgment as a matter of law], its opponent must do more than show that there is some metaphysical doubt as to material facts. In the language of [Rule 56], the nonmoving party must come forward with 'specific facts showing that there is a *genuine issue for trial.*'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (citations omitted) (emphasis in original opinion).

When considering a motion for summary judgment, a court should not weigh the evidence or assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). This does not mean that a court will accept as true assertions made by the non-moving party that are flatly contradicted by the record. *See Scott v. Harris*, 550 U.S. 372, 380, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.").

When parties file cross-motions for summary judgment, "the court must rule on each party's motion on an individual and separate basis, determining, for each side,

whether a judgment may be entered in accordance with the Rule 56 standard." *Fair Housing Council of Riverside County v. Riverside Two,* 249 F.3d 1132, 1136 (9th Cir.2001). In fulfilling its duty to review each cross-motion separately, the court must review the evidence submitted in support of each cross-motion. *Id.*

## DISCUSSION

### A. Breach of Contract

■ To prove their claim for breach of contract, plaintiffs must prove: (1) the existence of a valid and enforceable contract; (2) a breach by defendant; and (3) the resulting damage to plaintiffs. *Coleman v. Watts,* 87 F.Supp.2d 944, 955 (D.Ariz. 1998).

■ Allstate disputes that it breached the insurance contract or failed to pay plaintiffs any benefit owed under the policy. Allstate asserts that it properly investigated the claim, reasonably estimated the value of the claim, and promptly paid all undisputed amounts owed on the claim. Allstate disputes that it breached the duty of good faith and fair dealing it owed plaintiffs. On the other hand, Plaintiffs believe that this dispute centers on the true cost of repair of the plaintiffs' damaged property and the appropriate amount of depreciation to be taken to arrive at an actual cash value analysis. Plaintiffs argue that the policy requires that the parties take into account the condition of the property in arriving at the appropriate depreciation factor. Plaintiffs continue to assert that Defendant intentionally uses improper methods of depreciation in order to reduce actual cash value payments, which is contrary to their duty of good faith and fair dealing to their insured.

Similar issues were addressed by District Judge Campbell in *Bond v. American Family Mutual Ins.,* 2008 WL 477873 (D.Ariz.2008), as referred to by both parties during oral argument. In that case, "[t]he insurance policy provides that Defendant may settle a covered loss by paying "the cost to repair the damaged portion or replace the damaged building, provided repairs to the damaged portion or replacement of the damaged building are completed," or "the actual cash value at the time of loss of the damaged portion of the building:" if the building is not repaired or replaced." *Id.* at *3. Judge Campbell's concern in *Bond* was that Plaintiffs had not complied with the policy terms:

Having failed to avail themselves of the appraisal and supplemental payment provisions of the policy and having failed to produce any evidence that their repair costs exceeded Defendant's actual cash value payment, Plaintiffs cannot now obtain additional funds by contending that the actual cash value payment was too low. Permitting such a claim would allow an insured to game the system by accepting an actual cash value payment, repairing the property for less than the payment and then seeking to recover more money by challenging the reasonableness of the actual cash value payment in court without ever having invoked the policy provision designed to address inadequate cash value payments.

*Id.* The same situation has occurred in this action. Ultimately, Plaintiffs ignored the provisions in the policy that require proof of loss, as well as settlement options. (DSOF, Ex. 2 at 15–18.)

There is no proof that Allstate denied Plaintiffs any of the benefits for which they were entitled under the insurance policy when properly notified of such:

Actual Cash Value. If you do not repair or replace the damaged, destroyed or stolen property, payment will be on an actual cash value basis. This means there may be a deduction for deprecia-

tion ... You may make claim for additional payment as described in paragraph "C" and paragraph "d", if you repair or replace the damaged, destroyed or stolen covered property within 180 days of the actual cash value payment.

(DSOF, Ex. 2 at 16.)

If you and we fail to agree on the amount of loss, either party may make written demand for an appraisal.... If the appraisers are unable to agree upon an umpire within 15 days, you and we can ask a judge of a court of record in the state where the residence premises is located to select an umpire.

(Ex. 2 at 17.) Plaintiffs never complied with the notice provision of the homeowner's insurance policy before it pursued litigation about the alleged problem with the estimate, ACV payment or any additional payments. (DSOF at 4.)

■ Allstate admitted to making errors and rectifying errors after the problem was brought to their attention. The question is then has the insurance company breached the contract and/or acted in bad faith when an error or mistake is made. There is no evidence in the record that the calculations made at any point in time by the insurance company were made intentionally or maliciously. There is not sufficient evidence for a reasonable trier of fact to conclude that Allstate acted in bad faith. An insurer's "honest mistake, bad judgment or negligence" does not constitute bad faith. There is no evidence in the record on which a reasonable trier of fact could find that Allstate's actions amounted to more than a mistake or bad judgment. *See Graham v. Asbury*, 112 Ariz. 184, 185, 540 P.2d 656 (1975) (to bring an action for the breach of the contract, the plaintiff has the burden of proving the existence of the contract, its breach and there resulting damages). It is not sufficient if the complaint merely establishes a "sheer possibil-ity" that the defendant has acted unlawfully. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* To determine whether a complaint states a plausible claim for relief, the court must rely on its "judicial experience and common sense." *Id.*

There are no material questions of fact on the breach of contract claim to warrant submitting to a jury. Plaintiffs did not comply with the notice provisions of the homeowner's insurance policy before filing this action. Plaintiffs' Motion for Partial Summary Judgment on the breach of contract claim will be denied and Defendant's Motion for Summary Judgment will be granted on this claim.

**B. Bad Faith**

■■ In general, the "essence of the duty of good faith and fair dealing is that neither party will act to impair the right of the other to receive the benefits which flow from their agreement or contractual relationship." *Rawlings v. Apodaca*, 151 Ariz. 149, 154, 726 P.2d 565 (1986). A claim for insurance bad faith "*only* arises when an insurance company intentionally denies or fails to process or pay a claim without a reasonable basis for such action." *Lasma Corp. v. Monarch Ins. Co. of Ohio*, 159 Ariz. 59, 63, 764 P.2d 1118 (1988). "Negligent conduct which results solely from honest mistakes, oversight or carelessness does not necessarily create bad faith liability even though it may be objectively unreasonable. Some form of *consciously unreasonable* conduct is required." *Trus Joist Corp. v. Safeco Ins. Co.*, 153 Ariz. 95, 104, 735 P.2d 125 (App.1986) (emphasis added).

■ To prove their claim for bad faith, plaintiffs must show that Allstate's handling of their claim was unreasonable and that Allstate intended to act unreasonably towards the Plaintiffs. *Milhone v. Allstate Inc.*, 289 F.Supp.2d 1089, 1095–1103 (D.Ariz.2003); *Lopez v. Allstate Ins. Co.*, 282 F.Supp.2d 1095, 1100–1104 (D.Ariz. 2003); *Knoell v. Metropolitan Life Insurance Co.*, 163 F.Supp.2d 1072 (D.Ariz. 2001). The inquiry involves both an objective finding and a subjective finding. *Lopez*, 282 F.Supp.2d at 1100. When the actions taken on the part of the insurance company are reasonable, the insurance company will not be found to have acted in bad faith. *See Lopez*, 282 F.Supp.2d at 1100–1104; *Milhone*, 289 F.Supp.2d at 1095–1103; *Trus Joist Corp.*, 153 Ariz. at 104, 735 P.2d at 134 ("[s]ome form of *consciously unreasonable* conduct is required."). Under Arizona law, if an insurer's conduct is reasonable or fairly debatable, there is no liability for bad faith. *Lukes v. American Family Mut. Ins. Co.*, 455 F.Supp.2d 1010 (D.Ariz.2006).

This action lacks sufficient evidence from which reasonable jurors could conclude that the insurer acted unreasonably and either knew or was conscious of the fact that its conduct was unreasonable. *Zilisch v. State Farm Mut. Auto. Ins. Co.*, 196 Ariz. 234, 238, 995 P.2d 276 (Ariz. 2000).

## C. Punitive Damages

■ Punitive damages are intended to punish a defendant or to deter a defendant and others from similar misconduct in the future. They are awarded only if the factfinder finds that there is reprehensible conduct combined with an evil mind over and above that required for commission of the tort of bad faith. Punitive damages are limited to the most egregious situations where these objectives can be furthered, which is only in cases where the defendant engaged in consciously malicious or outrageous acts of misconduct and where punishment and deterrence are both paramount and likely to be achieved. Something more than the mere commission of the tort itself is always required for punitive damages. Action justifying the award of punitive damages is conduct involving some element of outrage, aggravation, malice or fraudulent motive on the part of the defendant similar to that usually found in crime. To recover punitive damages, the plaintiffs must prove each of the following by clear and convincing evidence:1. Beyond the elements merely required to establish the tort of bad faith, defendant engaged in outrageous, aggravated, malicious or fraudulent conduct similar to that usually found in crime; and 2. Defendant acted with an evil mind in engaging in such conduct; and an award of punitive damages will punish defendants and deter them from similar misconduct in the future. *See, e.g., Rawlings v. Apodaca*, 151 Ariz. 149, 161–63, 726 P.2d 565 (1986).

Defendant correctly argues that there is no evidence that would support a claim for punitive damages. Punitive damages require evidence that an insurer has acted with an evil mind or acted with an intent to injure its insured or knowing of a substantial risk of harm to its insured, see e.g., *Tritschler v. Allstate Ins. Co.*, 213 Ariz. 505, 517, 144 P.3d 519 (Ariz.App.2006), and no such evidence was produced in this action.

## CONCLUSION

The Court finds that there are no triable issues of fact that preclude resolution of this matter by dispositive motion as a matter of law.

Accordingly,

IT IS ORDERED that Plaintiffs' Motion for Partial Summary Judgment (Doc. 41) is DENIED.

IT IS FURTHER ORDERED that Defendants' Motion for Summary Judgment (Doc. 43) is GRANTED.

IT IS FURTHER ORDERED that Plaintiffs' Motion to Strike (Doc. 62) is DENIED and Plaintiffs' Motion to Preclude Expert (Doc. 30) is DENIED as moot based on this Order.

IT IS FURTHER ORDERED that this action is closed. A Final Judgment shall enter separately.