NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

MELISSA SELF, *Plaintiff/Appellant,*

*v.*

HIGHER LOGIC LLC, et al., *Defendants/Appellees.*

No. 1 CA-CV 20-0079

FILED 11-24-2020

---

Appeal from the Superior Court in Maricopa County
No.  CV2018-002287
CV2018-096003
(Consolidated)
The Honorable Daniel G. Martin, Judge

**AFFIRMED**

---

COUNSEL

Melissa Self, Mesa
*Plaintiff/Appellant*

Coppersmith Brockelman PLC, Phoenix
By Andrew S. Gordon, Roopali H. Desai, Koray J. Bulut
*Counsel for Defendants/Appellees*

---

## MEMORANDUM DECISION

Acting Presiding Judge Maria Elena Cruz delivered the decision of the Court, in which Judge Paul J. McMurdie and Judge David B. Gass joined.

---

**C R U Z**, Judge:

**¶1**         Melissa Self appeals from the superior court's grant of summary judgment in favor of Higher Logic LLC ("Higher Logic") and Socious, LLC ("Socious") (collectively "appellees") on her employment-related claims against them.  For the following reasons, we affirm.

### FACTUAL AND PROCEDURAL HISTORY

**¶2**         Socious hired Self in 2016 as a business development representative.  Socious paid Self commissions for locating potential customers and scheduling product demonstrations.  In 2017, Higher Logic acquired Socious.  Higher Logic then hired Self as a business development representative.  Before the acquisition, Higher Logic and Socious were business competitors.

**¶3**         In February 2017, Self informed Higher Logic that she was having health problems and asked to be allowed to work from home due to a disability.[1]  Higher Logic sent Self its Americans with Disability Act ("ADA") forms to complete, but she did not return them.  Self resigned from Higher Logic in May 2017.

**¶4**         In March 2018, Self filed a complaint in superior court (cause no. CV2018-002287) against appellees alleging causes of action for breach of contract, unjust enrichment, and statutory violations.  She filed an amended complaint in November 2018 alleging causes of action for breach of contract, unjust enrichment, breach of the implied covenant of good faith and fair dealing, and constructive discharge.

**¶5**         Meanwhile, in July 2018, Self filed a separate *pro per* complaint against appellees (cause no. CV2018-096003), alleging disability discrimination against Higher Logic.  The superior court consolidated the

---

[1]     Self testified at her deposition that she suffered from a hematologic disorder that caused her to have flu-like symptoms and to be anemic.

cases in December 2018.  Self's attorney withdrew from the case, and she represented herself thereafter.

**¶6** In September 2019, appellees filed a motion for summary judgment.  Self failed to respond, and instead filed a pleading entitled "Motion to Schedule Emergency Hearing for Default Judgment for Fraud Upon Court."  In her motion, Self said she had not responded to the motion for summary judgment because it was "void."

**¶7** The superior court denied Self's motion because Self failed to explain why she was entitled to relief.  The court further stated, "[Self's] apparent failure to have responded to a motion for summary judgment as required under the rules of civil procedure, [is] incompatible with her obligations as the plaintiff in this lawsuit."  Despite this warning, Self still did not respond to the summary judgment motion.  Appellees subsequently requested a ruling on the summary judgment motion, which Self opposed.  The superior court granted the motion for summary judgment, finding Self had failed to respond despite the court's admonition, there were no genuine issues of material fact, and appellees were entitled to judgment as a matter of law.  Self filed a premature motion for a new trial, and the superior court entered judgment in December 2019.

**¶8** Self timely appealed.  In August 2020, we issued an order denying Self's motion to supplement the record on appeal with "many documents she contends are missing from the record," including discovery matters and email communication.  We said that our review is limited to the record before the superior court when it entered judgment.  *See GM Dev. Corp. v. Cmty. Am. Mortg. Corp.*, 165 Ariz. 1, 4-5 (App. 1990).  We have jurisdiction under Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), -2101(A)(1).

## DISCUSSION

**¶9** Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law."  Ariz. R. Civ. P. 56(a).  "We review the grant of summary judgment on the basis of the record made in the trial court, but determine whether the entry of judgment was proper *de novo*."  *Phx. Baptist Hosp. & Med. Ctr., Inc. v. Aiken*, 179 Ariz. 289, 292 (App. 1994).  We view the evidence in the light most favorable to the party against whom summary judgment was entered.  *Espinoza v. Schulenburg*, 212 Ariz. 215, 216, ¶ 6 (2006).

¶10            To begin, Self's opening brief fails to comply with Arizona Rule of Civil Appellate Procedure ("ARCAP") 13(a).[2]  Specifically, her statements of the procedural path of the case and facts fail to include appropriate references to the record.  In addition, the argument section of the brief fails to provide the applicable standard of appellate review and appropriate citations to the record and legal authority.  *See* ARCAP 13(a)(4), (5), (7).  We may dismiss an appeal when the appellant fails to comply with the rules.  *Adams v. Valley Nat'l Bank of Ariz.*, 139 Ariz. 340, 342-43 (App. 1984).

¶11            Even if we overlooked the deficiencies of the opening brief, we would still affirm.  Self argues the superior court "only state[d] that [she] failed to contest the [appellee]'s Motion for Summary Judgment" in ruling on the summary judgment motion.  Arizona Rule of Civil Procedure 56(e) provides that a party opposing a summary judgment motion "must, by affidavits or as otherwise provided in this rule, set forth specific facts showing a genuine issue for trial.  If the opposing party does not so respond, summary judgment, if appropriate, shall be entered against that party."

¶12            An opposing party's failure to respond to a motion for summary judgment does not, by itself, entitle the moving party to summary judgment.  *Schwab v. Ames Constr.*, 207 Ariz. 56, 59, ¶ 15 (App. 2004).  But nonmoving parties act at their peril.  *Id.* at 60, ¶ 16.  A court may "presume that any uncontroverted evidence favorable to the movant, and from which only one inference can be drawn, is true.  If that uncontroverted evidence would entitle the movant to a judgment as a matter of law, then the trial court must grant the summary judgment motion."  *Id.* (internal citations omitted).  Here, the superior court did not grant summary judgment solely because Self did not respond to appellees' motion for summary judgment.  Instead, the court found no disputed genuine issues of material fact and appellees were entitled to judgment as a matter of law.  We agree.

---

[2]            Appellees argue we should dismiss this appeal because Self's opening brief was untimely.  *See* ARCAP 15(a)(1) ("If an appellant does not timely file an opening brief, the appellate court on motion of a party or on its own motion may dismiss the appeal.").  In April 2020 we *sua sponte* extended the deadline for Self to file her opening brief to May 11, 2020.  Self filed her opening brief on May 12, 2020, one day late.  ARCAP 15(a)(1) is permissive and we decline to dismiss this appeal on the basis that the opening brief was one day late.

**¶13** Self's consolidated lawsuits involved claims that appellees breached their contractual obligations or were unjustly enriched by failing to pay Self for services and labor, and that Higher Logic breached the implied covenant of good faith and fair dealing, wrongfully constructively terminated Self's employment, and wrongfully discriminated against her.

**¶14** Self alleged appellees breached her employment contracts by "refusing to pay all funds owed" to her. "To bring an action for the breach of [a] contract, the plaintiff has the burden of proving the existence of [a] contract, its breach and the resulting damages." *Graham v. Asbury*, 112 Ariz. 184, 185 (1975). The interpretation of the contract is a question of law for the court. *C & T Land & Dev. Co. v. Bushnell*, 106 Ariz. 21, 22 (1970).

**¶15** Self admitted at her deposition that she received all of her lead commissions through December 2016 during her employment with Socious. Under Self's commission agreement with Higher Logic, which governed the quota year from February 1, 2017 to December 31, 2017, Self was eligible to receive two types of commissions—commissions for completed demos and commissions for completed sales.[3]

**¶16** Between February and May 2017, Higher Logic paid Self $1400.00 for eleven quality demos. It paid her another $250.00 for two additional demos it determined not to be quality demos. No sales resulting from Self's completed demos occurred before her resignation in May 2017.

**¶17** The record supported Higher Logic's assertion that it paid Self all commissions it owed to her—specifically the declaration of Higher

---

[3] The commission for a completed demo was $100.00 for a demo with a prospect with an annual operating budget of $2.5 million (small prospect), and $150.00, $200.00, or $250.00 for a demo with a prospect with annual operating budget of over $2.5 million (large prospect), depending on how many demos were completed in a month. The commission for a completed sale resulting from a completed demo was .5 percent. An outside sales representative had to confirm each demo as a "quality" demo. The commission agreement stated that commission payments would be made "on the last pay period of the month for demos completed and approved by management in the previous month." The agreement further provided that if the agreement was "terminated, commission payments will be made only for commissions due as of the date of your termination. You must be employed by Higher Logic in the month immediately following a month in which a sale is booked in order to receive payment of commissions for those sales."

Logic's Senior Human Resources Manager, Holly Keener, and the attached business records. Self did not contradict the evidence because she failed to respond to the motion for summary judgment. Accordingly, the superior court was free to accept it as true and grant summary judgment to appellees on Self's contract claim. *See Schwab*, 207 Ariz. at 60, ¶ 16.

**¶18** Self also claimed appellees were unjustly enriched when they failed to pay her for "services, labor, and other benefits received." "Unjust enrichment occurs whenever a person has and retains money or benefits which in justice and equity belong to another." *City of Sierra Vista v. Cochise Enters., Inc.*, 144 Ariz. 375, 381 (App. 1984). However, the doctrine of unjust enrichment has no application when there is a specific contract governing the relationship of the parties. *Brooks v. Valley Nat'l Bank*, 113 Ariz. 169, 174 (1976). Here, Self's right to commission payments and appellees' obligation to pay them was governed by her employment contracts. Because those contracts controlled Self's right to commission payments, her unjust enrichment claim is barred, and the superior court did not err by granting summary judgment.

**¶19** Self further claimed that Higher Logic breached the implied covenant of good faith and fair dealing by failing to comply with the commission agreement. There is an implied covenant of good faith and fair dealing in every contract that neither party will do anything to injure the right of the other to receive the benefits of their agreement. *Wagenseller v. Scottsdale Mem'l Hosp.*, 147 Ariz. 370, 383 (1985), *superseded by statute on other grounds as recognized by Powell v. Washburn*, 211 Ariz. 553, 560, ¶ 29 (2006). Because Higher Logic did not breach the implied covenant of good faith and fair dealing under the undisputed facts, summary judgment was warranted.

**¶20** Self claimed that Higher Logic's "extraordinary and egregious conduct and harassment" caused her to resign and constituted a wrongful constructive termination in violation of Arizona law and public policy, entitling her to punitive damages. Self's complaint failed to state what public policy or Arizona law appellees allegedly violated. Self based her constructive discharge claim on Higher Logic's alleged sabotage of her by hiding potential client contacts from her and its alleged denial of her request for a reasonable accommodation.

**¶21** An employee may bring a claim for "constructive discharge based on an employer's outrageous conduct or failure to remedy objectively difficult or unpleasant working conditions that would compel a reasonable employee to resign." *Peterson v. City of Surprise*, 244 Ariz. 247, 250, ¶ 9 (App.

2018) (internal quotations omitted); A.R.S. § 23-1502. To bring a claim of constructive discharge based on "objectively difficult or unpleasant working conditions," an employee must follow the notice procedures of A.R.S. § 23-1502(B). Self's text message to her supervisor did not comply with the statutory notice requirements. Self sent her supervisor a text message stating, "Hi Ivor this is Melissa Self and Im giving my notice of constructive termination. My laptop will be with the security guard in the lobby of the Mesa office this week. No need to respond please." Further, Self's allegations did not rise to the level of outrageous conduct. *See* A.R.S. § 23-1502(A)(2). Constructive discharge may also be established if an employer engaged in outrageous conduct, such as "sexual assault, threats of violence directed at the employee, a continuous pattern of discriminatory harassment by the employer or by a managing agent of the employer or other similar kinds of conduct, if the conduct would cause a reasonable employee to feel compelled to resign." *Id.* The superior court did not err by granting summary judgment on Self's claim for wrongful constructive discharge.

**¶22** Finally, Self claimed that Higher Logic discriminated against her after she told coworkers she had a disability. An ADA discrimination claim "requires proof that the plaintiff: (1) is disabled within the meaning of the ADA; (2) is qualified to perform the essential functions of the job with or without reasonable accommodation; and (3) was discriminated against or terminated by the employer because of the disability." *MacLean v. State Dep't of Educ.*, 195 Ariz. 235, 241, ¶ 23 (App. 1999). At her deposition, Self testified that she believed Higher Logic sabotaged her because she had a criminal background and the company wanted to be able to fire her for underperforming. Self also testified that the problems she experienced at work occurred before she disclosed her alleged disability in mid-February 2017. There was no evidence that Self was discriminated against because of a disability, and the superior court did not err by granting summary judgment on her claim of disability discrimination.

**¶23** Appellees request attorneys' fees and costs on appeal. However, they cite A.R.S. § 39-121.02(B), a statute that does not apply here. Section 39-121.02(B) allows the court to award attorneys' fees and costs to a person who has substantially prevailed after seeking access to public records. We, therefore, decline to award attorneys' fees. As the prevailing parties, we award appellees costs upon compliance with ARCAP 21.

**CONCLUSION**

**¶24**     For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:     AA