**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

VANTAGE MOBILITY
INTERNATIONAL LLC, an Arizona
limited liability company,

          Plaintiff-Appellant,

v.

KERSEY MOBILITY LLC, a Washington
limited liability company; et al.,

          Defendants-Appellees.

No.   20-15781

D.C. No. 2:19-cv-04684-JJT

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
John Joseph Tuchi, District Judge, Presiding

Argued and Submitted October 20, 2020
San Francisco, California

Before:  CLIFTON, N.R. SMITH, and R. NELSON, Circuit Judges.

Vantage Mobility International LLC ("VMI") appeals the district court's

dismissal of The Braun Corporation ("Braun") for lack of personal jurisdiction, the

denial of its request for a preliminary injunction against Kersey Mobility LLC

---

     *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

("Kersey"), the denial of motions for reconsideration, and the denial of its request to take expedited discovery. We affirm.

General personal jurisdiction is lacking because Braun is not incorporated in Arizona and Arizona is not Braun's principal place of business. *See Daimler AG v. Bauman*, 571 U.S. 117, 215 (2014). This is not an "exceptional case."[1] *See id.* at 139 n.19. Braun's contacts with Arizona are less than the forum-related contacts of defendants in cases where the Supreme Court has held that there was a lack of general jurisdiction. *See, e.g.*, *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017); *Daimler*, 571 U.S. at 136–39.

Specific personal jurisdiction is lacking because VMI did not adequately plead that its injuries arose from or related to Braun's contacts in Arizona. *See Bristol-Myers Squibb Co. v. Super. Ct. of Cal.*, 137 S. Ct. 1773, 1781 (2017) ("In order for a court to exercise specific jurisdiction over a claim, there must be an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State.") (internal quotation marks and citation omitted).

---

[1] Contrary to Braun's arguments, the district court's analysis was sufficient for us to consider this argument and it was not waived. *See Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 515 (9th Cir. 1992).

VMI forfeited its contractual consent argument. *See Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020). Alternatively, it fails on the merits. *See JTF Aviation Holdings Inc v. CliftonLarsonAllen LLP*, 472 P.3d 526, 531 (Ariz. 2020).

VMI's timely filing of a motion for reconsideration of the district court's denial of its request for a preliminary injunction tolled the time to appeal the denial of the preliminary injunction.[2] Fed. R. App. P. 4(a)(4)(A)(iv); *S.O.C., Inc. v. County of Clark*, 152 F.3d 1136, 1141 & n.4 (9th Cir. 1998), *amended*, 160 F.3d 541 (9th Cir. 1998).

The district court did not abuse its discretion in declining to issue a preliminary injunction. VMI's claims are unlikely to succeed on the merits. *See California v. Azar*, 911 F.3d 558, 575 (9th Cir. 2018).

VMI's breach of contract claim is unlikely to succeed because it did not appear that there was a breach. *See Graham v. Asbury*, 540 P.2d 656, 657 (Ariz. 1975). The Location Policy was not implicated by the MPA because the MPA only involved the purchase of membership interests and not assets. *See* Wash.

---

[2] That VMI labeled its motion for reconsideration as brought under Rule 60 and the local rule is inconsequential because "nomenclature is not controlling." *Sea Ranch Ass'n v. Cal. Coastal Zone Conservation Comm'ns*, 537 F.2d 1058, 1061 (9th Cir. 1976) (citation omitted). Motions for reconsideration, such as the one VMI brought, are construed as brought under Rule 59(e). *See Shapiro ex rel. Shapiro v. Paradise Valley Unified Sch. Dist. No. 69*, 374 F.3d 857, 863 (9th Cir. 2004).

Rev. Code § 25.15.246(1) (a member of a limited liability company has "no interest in specific limited liability company property" by virtue of owning membership interests); *cf. Dole Food Co. v. Patrickson*, 538 U.S. 468, 475 (2003) ("A corporate parent which owns the shares of a subsidiary does not, for that reason alone, own or have legal title to the assets of the subsidiary[.]"); 1 W. Fletcher, Cyclopedia of the Law of Corporations § 20 (2020) ("A 'membership interest' is an ownership interest in a limited liability company and is akin to an interest in stock of a corporation."). VMI's arguments to the contrary are not persuasive.

Assuming the Control Policy modified the ADA and did not propose a new contract, Michael Kersey did not assent to the Control Policy. *See Demasse v. ITT Corp.*, 984 P.2d 1138, 1145 (Ariz. 1999) (en banc) (holding that an offeree "does not manifest consent to an offer modifying an existing contract without taking affirmative steps, beyond continued performance, to accept"). VMI's arguments primarily rely on Michael Kersey's lack of objection to the Control Policy. Arizona law has rejected that argument. *See id.* at 1146.

Regardless of whether Kersey's managing representatives can be held liable for tortiously interfering with Kersey's own contracts, VMI is unlikely to succeed on its tortious interference claim because a breach of a contract is a necessary

element of that claim. *See Snow v. W. Sav. & Loan Ass'n*, 730 P.2d 204, 211 (Ariz. 1986) (en banc).

VMI's unfair competition claim is unlikely to succeed because VMI does not adequately explain how commerce was constrained in Arizona, nor is its claim of loss of sales in Arizona sufficient to sustain an unfair competition claim under antitrust laws. *See* Ariz. Rev. Stat. §§ 44–1402 *et seq.*; *Atl. Richfield Co. v. USA Petroleum Co.*, 495 U.S. 328, 344 (1990).

VMI's civil conspiracy claim requires an underlying tort, *Wells Fargo Bank v. Ariz. Laborers, Teamsters & Cement Masons Loc. No. 395 Pension Tr. Fund*, 38 P.3d 12, 36–37 (Ariz. 2002), and because VMI's claim for intentional interference with contractual relations is not likely to succeed, its civil conspiracy claim is unlikely to succeed as well.

VMI's consumer fraud claim is likely to fail because it did not adequately plead injury resulting from Kersey's alleged misrepresentation. *See Watts v. Medicis Pharm. Corp.*, 365 P.3d 944, 953 (Ariz. 2016); *cf. Sutter Home Winery, Inc. v. Vintage Selections, Ltd.*, 971 F.2d 401, 407 (9th Cir. 1992).

We have jurisdiction over VMI's appeal of its expedited discovery request because 28 U.S.C. § 1292(a)(1) extends jurisdiction not only to the injunction itself, but to the issues that directly underlie the order. *See Fentron Indus., Inc. v.*

5

*Nat'l Shopmen Pension Fund*, 674 F.2d 1300, 1304 (9th Cir. 1982) (subsequent history omitted).

Contrary to VMI's arguments, nowhere in its request for expedited discovery did it state that it was seeking jurisdictional discovery. To the contrary, VMI continually stated its need for limited discovery specifically for the preliminary injunction hearing. Indeed, VMI's motion was titled "[Vantage's] Motion to Conduct Accelerated and Expedited Discovery Regarding Preliminary Injunction." Some of this discovery might have been relevant to the jurisdictional question, but VMI never specified how so or inquired into Braun's contacts with Arizona or VMI.

The district court did not abuse its discretion in denying VMI's request for expedited discovery because VMI's request was not narrowly tailored to the preliminary injunction issues. VMI never delineated how any limitation on the subject matter of the discovery it requested would be effectuated, but rather requested the broad expedition of almost all discovery deadlines.

**AFFIRMED.**[3]

---

[3] We grant VMI's pending motions to file documents under seal. ECF Nos. 34 & 36.