NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 23 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ALEKSANDR KOCHAROV,

Plaintiff - Appellant,

v.

JPMORGAN CHASE BANK, N.A., named
as JP Morgan Chase Bank NA PO Box,

Defendant - Appellee.

No. 23-4458

D.C. No.
2:21-cv-02220-DGC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Submitted July 14, 2025[**]

Before: HAWKINS, S.R. THOMAS, and McKEOWN, Circuit Judges.

Aleksandr Kocharov ("Appellant") appeals pro se the district court's grant of

summary judgment in favor of JPMorgan Chase Bank, N.A. ("Chase") for his state

law breach of contract claim. As the parties are familiar with the facts, we do not

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

recount them here except as they pertain to our ruling. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Reviewing the terms of the Deposit Account Agreement ("DAA") *de novo*, no contractual provision obligated Chase to protect Appellant from falling victim to third-party fraud. Instead, the DAA provides that that Chase "will not be liable for anything [Chase does] when following your instructions." Failure to provide evidence of such a duty is fatal to Appellant's claim. *See Graham v. Asbury*, 540 P.2d 656, 657 (Ariz. 1975).

Nor did Chase violate the express terms of the DAA. The DAA states that Chase "may subtract from your balance the amount of any check or other item that you or any person you authorize created or approved." Nothing in the DAA required Chase to prevent the attempted reversals, given Appellant's apparent authorization, and thus no breach occurred. *See id*.

We decline to address Appellant's remaining arguments on damages given the failure to demonstrate a prima facie breach of contract claim. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (observing that courts are not required to reach issues that are "unnecessary to the results they reach") (citation omitted).

Appellant's motion to order a transcript of the district court proceedings [Dkt. Entry No. 6] is denied.

**AFFIRMED.**