NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

———————————————

DANIEL MASON, et al., *Plaintiffs/Appellants*,

*v.*

LA GLORIETA HOMEOWNERS ASSOCIATION, et al.,
*Defendants/Appellees.*

No. 1 CA-CV 23-0437
FILED 04-02-2024

———————————————

Appeal from the Superior Court in Maricopa County
No. CV2020-010914
The Honorable Joan M. Sinclair, Judge

**AFFIRMED**

———————————————

COUNSEL

Moyes Sellers & Hendricks, Phoenix
By Keith L. Hendricks, Natalya Ter-Grigoryan
*Counsel for Plaintiffs/Appellants*

Shaw & Lines, LLC, Phoenix
By Mark E. Lines, Patrick Whelan
*Counsel for Defendant/Appellees La Glorieta Homeowners Association*

Choi & Fabian, PLC, Chandler
By Hyung Choi, Veronika Fabian
*Counsel for Defendant/Appellees Yinong Chen and Hongyan Shi*

---

## MEMORANDUM DECISION

Presiding Judge Anni Hill Foster delivered the decision of the Court, in which Judge Brian Y. Furuya and Vice Chief Judge Randall M. Howe joined.

---

**F O S T E R**, Judge:

¶1        Daniel Mason and Toni Mason appeal the superior court's grant of summary judgment in favor of La Glorieta Homeowners Association ("HOA") in their breach of contract and declaratory judgment actions. For the following reasons the superior court's ruling is affirmed.

### FACTS AND PROCEDURAL HISTORY

¶2        The Masons own a home within the La Glorieta residential subdivision two lots away from a house owned by Yinong Chen and Hongyan Shi. A drainage swale runs in front of the Masons' and Chen and Shi's properties, designed to route water flow from the Masons' lot to an outlet grate on Chen and Shi's lot. In September 2014, a severe thunderstorm resulted in rainfall that flooded the Masons' basement. The resulting damage cost about $2,000 to repair. The day after the flooding, Mr. Mason discovered water still pooling between his lot and Chen and Shi's lot; he concluded that an obstruction on their lot was hindering the runoff's flow.

¶3        Over the next few years, the Masons sought to resolve this drainage issue by speaking with Chen and Shi, seeking resolution at two HOA meetings, and filing a written complaint with the HOA. In mid-2019, the HOA's counsel sent a letter to Chen and Shi informing them "that work done to [their] front yard/lot area may have contributed to water backups on lots up the street" and directing them to address the issue. Also, between 2016 and 2020, the Masons spoke with Chandler city officials, who confirmed that the Masons' HOA, not the city, was responsible for drainage in its subdivision. In late 2019 or early 2020, the Masons hired a professional civil engineer to investigate the cause of the flooding. The engineer's report found that Chen and Shi's lot contained obstructions in the drainage swale. The Masons' home has not flooded since 2014.

¶4            In September 2020, the Masons sued the HOA, Chen, and Shi for breach of contract and declaratory judgment. The Masons claimed that a pathway on Chen and Shi's property blocked drainage, caused the flooding in the Mason's home, and violated the HOA's Covenants, Conditions and Restrictions ("CC&Rs"). The HOA moved for summary judgment on all claims, and the Masons cross-moved for summary judgment on their declaratory judgment claim. The court ruled in the HOA's favor and dismissed all claims against it.[1] Over the next month, the HOA moved for attorneys' fees and costs, and the Masons moved for reconsideration. In March 2022, the court filed its judgment, without addressing either of these new motions. The court certified its judgment under Arizona Rule of Civil Procedure 54(b), and the Masons appealed.

¶5            In December 2022, this Court issued an order staying the appeal and reinstating jurisdiction in the superior court because the court had not ruled on the HOA's request for attorneys' fees, making the judgment ineligible for Rule 54(b) certification. In May 2023, the superior court denied the Masons' motion for reconsideration and awarded the HOA attorneys' fees. The court issued its final judgment the next month, and the Masons timely appealed. This Court has jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1), 12-2101(A)(1).

## DISCUSSION

¶6            This Court reviews summary judgment rulings *de novo*. *Andrews v. Blake*, 205 Ariz. 236, 240, ¶ 12 (2003). "The court shall grant summary judgment if the moving party shows that there is no genuine dispute as to any material fact and . . . is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(a). The interpretation of contracts like CC&Rs is also a legal question that this Court reviews *de novo*. *Andrews*, 205 Ariz. at 240, ¶ 12; *see also Powell v. Washburn*, 211 Ariz. 553, 555, ¶ 8 (2006) ("A deed containing a restrictive covenant that runs with the land is a contract.").

## I.    The CC&Rs Do Not Require the HOA to Enforce Violations of Those CC&Rs.

¶7            The primary issue on appeal is whether the court erred in holding as a matter of law that the CC&Rs did not require the HOA to enforce the CC&Rs. The Masons argue that the HOA must enforce the

---

[1] Chen and Shi joined the HOA's motion for summary judgment, but the superior court denied them summary judgment. That portion of the judgment is not before this Court on appeal.

CC&Rs per their provisions. The CC&Rs provision that the Masons claim Chen and Shi have violated is § 12.17:

> No Owner shall erect, construct, maintain, permit or allow any fence or other improvement or other obstruction which would interrupt the normal drainage of the land or within any area designated on a Plat, or other building document (including without limitation Section 4.5 hereof), as a "drainage easement" except that, with the prior consent of the City and the Design Committee, non-permanent structures, including fences, may be erected in those areas which contain only underground closed conduit storm drainage facilities.

¶8            Several sections of the CC&Rs address the HOA enforcing the CC&Rs, but none obligate the HOA to exercise its enforcement power. The recitals mention that "it is desirable for the efficient management of the Property to create an owners' association to which should be delegated and assigned the powers of . . . enforcing these covenants." Section 4.7 creates an easement "in favor of the Association . . . for the investigation and correction . . . of any and all violations of this Declaration." Also, § 12.21 provides that "[t]he Association . . . may enter any Lot in which a violation of these restrictions exists and may correct such violation at the expense of the Owner owning such Lot." Section 15.1 says that "[i]n the event of any default by any Owner . . . the Association . . . shall have each and all of the rights and remedies which may be provided for in this Declaration . . . and may prosecute any action or other proceedings against such defaulting Owner." The CC&Rs give authority to the HOA to take legal action in § 15.3: "In addition to any other remedies available under this Section 15, if any Owner . . . shall violate any of the provisions of this Declaration . . . then the Association . . . shall have the power to file an action against the defaulting Owner." But none of the provisions *require* the HOA to use those powers. This is fatal to the Masons' claims.

## II.    Section 4.5 of the CC&Rs Does Not Provide Liability Protection to the HOA for Drainage.

¶9            The superior court found that § 4.5 of the CC&Rs disclaimed liability for the HOA, but the court misinterpreted that provision. That lengthy section—entitled Landscape and Drainage Easements—begins by discussing landscape easements: "There is hereby created an affirmative easement in favor of the Association . . . upon, over and across the Transitional Area of each Lot for installation, placement, maintenance and repair of landscape improvements." The use of the singular article "an" and

the singular demonstrative pronoun "this" expresses that this sentence creates one easement whose purpose is "for [the] installation, placement, maintenance and repair of landscape improvements." *See, e.g.*, *Banuelos v. Barr*, 953 F.3d 1176, 1181 (10th Cir. 2020) ("[I]n most contexts, the singular article 'a' refers to only one item."). Thus, this sentence describes the landscape easement.

¶10        That same section's language shows a distinction between the landscape easement and the drainage easement by creating a second easement for drainage in the subsequent sentence: "There is hereby further created a blanket easement upon, across, over and under all Lots for the purposes of drainage and water retention." This one sentence is all the section says about drainage easements before continuing to the disclaimer language.

¶11        Section 4.5 ends with the disclaimer language at issue in this case: "This Section 4.5 shall not be construed to require or obligate the Association to install, place, maintain or repair any landscape improvements in the Transitional Area." But the disclaimer language addresses only the landscape easement; the HOA has the right to use and maintain landscaping in the Transitional Area, but it is not required to exercise its power. The HOA argues that the disclaimer language applies directly to the drainage easement. This interpretation appears to be based on a reading that § 4.5 creates only one "landscape drainage easement." Such an interpretation contradicts the clear language creating two easements: namely, a landscape easement and a drainage easement. Thus, the superior court erred in holding that § 4.5 shields the HOA from liability for drainage issues. But, even if the disclaimer language did cover the drainage easement and drainage issues, the Masons are not requesting that the HOA *itself* install, place, maintain or repair any landscaping improvements; they are seeking merely to have the HOA enforce the alleged violation.

### III.    The Court Properly Considered a Legal Issue Raised by the Masons.

¶12        The Masons claim that the court "relied almost exclusively upon *Gfeller v. Scottsdale Vista N. Townhomes Ass'n*, 193 Ariz. 52 (App. 1998)" and its "proposition that the duty to enforce has to be expressly set forth in the contract." They claim that because the HOA never cited or argued *Gfeller* they "did not thoroughly address this specific issue" and thus "were deprived of a meaningful opportunity to litigate the issue." But in their response to the HOA's summary judgment motion the Masons *themselves*

cited and quoted *Gfeller* to support their claim that the HOA "is contractually obligated to enforce the CC&Rs." The statement from *Gfeller* they quoted was that "the Association may not forsake its express duty to enforce the CC & Rs." *Gfeller*, 193 Ariz. at 54, ¶ 11. Thus, they logically connected an alleged contractual duty of the HOA to being expressly stated in the CC&Rs.

**¶13**     The court, instead of relying on *Gfeller*, distinguished it from the present case because *Gfeller* involved CC&Rs with explicit enforcement provisions not present here. *See id.* at 53–54, ¶¶ 9, 11. The court also found "nothing in the CC&Rs," let alone anything explicitly or even impliedly included, "obligating the Association to enforce anything relative to drainage."

**¶14**     The Masons claim that discretionary enforcement is not the default rule in Arizona. Not so. Discretionary enforcement is the rule in Arizona. *Tierra Ranchos Homeowners Ass'n v. Kitchukov*, 216 Ariz. 195, 201–02, ¶¶ 24–27 (App. 2007) (adopting the Restatement's approach that HOAs have a duty to "act reasonably in the exercise of its *discretionary* powers including [] *enforcement*" (quoting Restatement (Third) of Property: Servitudes § 6.13(1)(c)) (emphasis added)). Thus, HOAs are not required to enforce their CC&Rs unless the document expressly obligates the HOA to exercise what is normally a discretionary power. The superior court applied the correct law.

**IV.    No Factual Issues Remained Concerning the Masons' Breach of Contract Claim.**

**¶15**     To succeed on a breach of contract action, the plaintiff must prove three elements: "the existence of the contract, its breach and the resulting damages." *Thomas v. Montelucia Villas, LLC*, 232 Ariz. 92, 96, ¶ 16 (2013) (quoting *Graham v. Asbury*, 112 Ariz. 184, 185 (1975)). The parties agree that the CC&Rs are a contract, so the first element is undisputed. As for the second element, the Masons allege the HOA breached the contract by failing to enforce its CC&Rs as the CC&Rs require.

**¶16**     The Masons contend that "there are disputed facts concerning the interpretation of the CC&Rs," specifically whether the parties' contractual intent required enforcement of the CC&Rs. Thus, they claim that factual issues remain concerning whether there was a breach, making summary judgment inappropriate. In support, they cite *Taylor v. State Farm Mut. Auto. Ins. Co.* (1993) for the rule that "in Arizona, a court will attempt to enforce a contract according to the parties' intent." 175 Ariz. 148, 152.

True, courts seek to give effect to the parties' intent "at the time the contract was made." *Id.* at 153 (internal citation and quotes omitted). But the CC&Rs' language is the best indicator of the parties' intent. *See State v. Jones*, 246 Ariz. 452, 454, ¶ 5 (2019); *Reuben M. v. Ariz. Dep't of Econ. Sec.*, 230 Ariz. 236, 240, ¶ 20 (App. 2012). Thus, the rule in *Taylor* applies when the court must interpret the meaning of a contract's language to discern the parties' intent. *Maxwell v. Fidelity Fin. Servs., Inc.*, 184 Ariz. 82, 92–93 (1995). But the rule has no application where a contract's language is unambiguous. *Grosvenor Holdings, L.C. v. Figueroa*, 222 Ariz. 588, 593, ¶ 9 (App. 2009) ("Where the intent of the parties is expressed in clear and unambiguous language, there is no need or room for construction or interpretation and a court may not resort thereto." (quoting *Mining Inv. Group, L.L.C. v. Roberts*, 217 Ariz. 635, 639, ¶ 16 (App. 2008))). Here, as discussed above, the meaning of the CC&Rs' language concerning the HOA's enforcement of the CC&Rs' provisions is not ambiguous. The HOA had no duty to enforce. The Masons' breach of contract claim failed as a matter of law.

## V. The Court Properly Granted Summary Judgment on the Masons' Declaratory Judgment Action.

¶17        The Masons also claim that the court erred in granting summary judgment in the HOA's favor on their declaratory judgment claim that the HOA had to enforce § 12.17 of the CC&Rs. Arizona's Uniform Declaratory Judgments Act allows individuals whose rights are affected by a contract to bring a claim to "obtain a declaration of [their] rights" under the contract. A.R.S. § 12-1832. The Act's "purpose is to settle and to afford relief from uncertainty and insecurity with respect to rights." A.R.S. § 12-1842; *see also State v. Mabery Ranch, Co., L.L.C.*, 216 Ariz. 233, 242–43, ¶ 37 (App. 2007) ("The purpose of a declaratory judgment action is to obtain a judicial determination of parties' rights and obligations in a controversy prior to one party's breach of those rights."). But as shown above, the CC&Rs did not obligate the HOA to enforce the CC&Rs' provisions; thus, the Masons had no corresponding right to have the HOA enforce the CC&Rs. Their declaratory judgment claim against the HOA also fails as a matter of law, and summary judgment was appropriate.

## VI. The Court Properly Awarded the HOA Its Attorneys' Fees and Costs.

¶18        Lastly, the Masons contend that the court erred in granting the HOA its attorneys' fees and costs under A.R.S. §§ 12-341 and 12-341.01. This Court reviews a superior court's award of attorneys' fees and costs for an abuse of discretion. *Gregory G. McGill, P.C. v. Ball*, 254 Ariz. 144, 150, ¶ 21

(App. 2022). The cited statues allow a prevailing party to recover costs and permit a court to award attorneys' fees in suits arising from contracts. A.R.S. § 12-341 (costs); A.R.S. § 12-341.01(A) (attorneys' fees). As the prevailing party, the HOA could recover both attorneys' fees and costs. The court did not abuse its discretion.

**CONCLUSION**

**¶19**     The superior court's judgment is affirmed.

**¶20**     On appeal, the Masons request their appellate fees and costs; as the non-prevailing party, their request is denied. The HOA also requests its reasonable fees under A.R.S. § 12-341.01. As the prevailing party in a case arising from a contract, its request is granted, along with costs, contingent upon its compliance with Arizona Rule of Civil Appellate Procedure 21. A.R.S. § 12-341; A.R.S. § 12-341.01(A).



AMY M. WOOD • Clerk of the Court
FILED:     TM